**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ABC IP, INC.; LAD, LLC; and** | § | |
| **LAWRENCE DEMONICO,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-cv-01626-RP** |
| | § | |
| **SPIDER HOLE, LLC; SPIKE'S** | § | |
| **TACTICAL, LLC and MICHAEL** | § | |
| **REGISTER,** | § | |
| *Defendants* | § | |
| | § | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants, SPIDER HOLE, LLC ("Spider Hole"), SPIKE'S TACTICAL, LLC ("Spikes") and MICHAEL REGISTER ("Register")(collectively, "Defendants"), by and through the undersigned counsel and pursuant to the Federal Rules of Procedure submit this reply in support of their Motion to Dismiss.

## INTRODUCTION

Notably, Plaintiffs' response fails to address the fundamental issues raised by the operative Motion to Dismiss: that the allegations of the Complaint as plead are insufficient. Instead of addressing the patent inadequacy of the allegations of the Complaint, Plaintiffs' Response to Motion to Dismiss purports to cure fatal jurisdictional defects with conclusory assertions about an after-the-fact assignment and unpled references to purported Texas-directed business activity. Dkt. No. 7. However, none of that is plead in the Complaint.

The pleadings before the Court demonstrate that (i) the assignment is subject to heightened scrutiny and fails under 28 U.S.C. § 1359; (ii) ABC IP, LLC remains a required party whose joinder would defeat diversity; (iii) the Complaint fails to allege sufficient minimum contacts with

the forum state of Texas; and particularly so for non-signatories Michael Register and Spike's Tactical, LLC suit-related minimum contacts with Texas; and (iv) venue in this forum is improper for claims and parties outside the Operating Agreement's forum clause. Accordingly, the Complaint should be dismissed.

In point of fact, the Plaintiffs' Response demonstrates the patent failings of the allegations of the Complaint. None of the supposed facts raised in the Response In Opposition are plead. Defendants have had no opportunity to respond to or challenge such "allegations" because they are being asserted for the first time in a Response to the Motion To Dismiss. It bears consideration by the Court that Plaintiffs, rather than demonstrating purported facts that they could have plead, but did not in their response, could simply have actually amended the Complaint under Rule 15(a) to cure the referenced defects. Under these circumstances, even if the Court were to somehow choose to engage in the shell game of "find the pea" presented by the Plaintiffs through the assignment to artificially manufacture subject matter jurisdiction, the Court should nevertheless dismiss the Complaint for failure to adequately plead personal jurisdiction.

<u>**ARGUMENT**</u>

I.   **THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION AND PLAINTIFFS' GAMESMANSHIP BY VIRTUE OF AN ASSIGNMENT CANNOT REMEDY THAT**

a.   <u>**The LLC-to-corporate assignment is collusive under §1359**</u>

Plaintiffs concede the "assignment" from ABC IP, LLC to ABC IP, Inc. occurred only after Defendants moved to dismiss the prior action and then refiled the same claims with a new corporate plaintiff. That timing is the paradigmatic scenario § 1359 was designed to prevent. *See, e.g., Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823 (1969); *Harrell & Sumner Contracting Co. v. Peabody Petersen Co.*, 546 F.2d 1227 (5th Cir. 1977); *O'Brien v. Avco Corp.*, 425 F.2d 1030 (2d

Cir. 1969). Defendants' Motion catalogued this defect and the controlling authorities. The Plaintiffs cannot be allowed to artificially manufacture Subject Matter Jurisdiction.

Plaintiffs' response suggests application of a six-factor test from *Montes v. Tibbs,* however, the Response supplies no actual assignment instrument, no proof of payment, and no contemporaneous corporate authorizations—only a declaration asserting that $500,000 changed hands. On this record, factors (2) assignee's previous connection to the assigned claim, (3) legitimate business purpose, (4) timing to secure federal jurisdiction, (5) assignor control, and (6) retained interest all favor applying § 1359's bar. *See* Defendants' Motion, Dkt. No. 5; *see also Montes v. Tibbs*, No. 24-20135, 2024 WL 3842570, at *2 (5th Cir. Aug. 16, 2024), cert. denied, 145 S. Ct. 1140, 220 L. Ed. 2d 436 (2025), *Airlines Reporting Corp. v. S&N Travel*, 58 F.3d 857 (2d Cir. 1995) (assignment ineffective where assignor retains stake or control).

### b.  ABC IP, LLC remains a real party in interest and must be joined (Rule 19).

Even apart from § 1359, ABC IP, LLC is a required party because the claims originated with it and Plaintiffs seek remedies intertwined with LLC-member rights and obligations. *See Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980); *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968). Joinder of ABC IP, LLC, would destroy diversity. Plaintiffs' Response does not attach, much less analyze, a complete, absolute assignment that extinguishes all LLC interests. That omission confirms the real-party-in-interest problem.

## II.    THE COMPLAINT FAILS TO ADEQUATELY PLEAD PERSONAL JURISDICTION; ESPECIALLY FOR NON-SIGNATORY DEFENDANTS

### a.  The Operating Agreement's forum clause binds only its signatories and only contract-bound claims

The Complaint and the incorporated Operating Agreement actually allege that not all parties are parties to the Operating Agreement. Plaintiffs rely primarily on Article XI § 11.8 of the

3

Operating Agreement to assert "exclusive jurisdiction" in Texas. But the Operating Agreement applies only to Spider Hole, LLC—not Spike's Tactical, LLC or Michael Register individually. See Doc 1 Capitalization Table of Operating Agreement. The Complaint itself alleges only Spider Hole is a member/signatory. See Doc 1 at FN 3. The clause states parties "submit to the exclusive jurisdiction of the federal and state courts of the State of Texas, County of Travis," but Plaintiffs plead personal tort claims (conversion, fraud, unjust enrichment, breach of fiduciary duty) for actors in their individual capacity that do not uniformly "arise out of or in connection with" the Agreement and that they assert against non-signatories.  In fact, such claims would definitionally have to be *ultra vires* actions in order for Mr. Register to be held liable for actions taken in his capacity as a member of Spider Hole, LLC.

The Fifth Circuit's "closely-related" doctrine is narrow and fact-specific. *Franlink Inc. v. BACE Services, Inc*., 50 F.4th 432 (5th Cir. 2022). Plaintiffs' Response offers common ownership and general knowledge of the Agreement, but no foreseeable nexus tying Spike's Tactical (a separate LLC with a different membership) or Register (in his personal capacity) to contract-bound litigation in Texas, especially for tort theories premised on non-Agreement conduct. That failure defeats any attempt to extend the clause to non-signatories. *See Weber v. PACT XPP Techs., AG*, 811 F.3d 758 (5th Cir. 2016). As such, the Operating Agreement's venue selection clause cannot establish either jurisdiction or venue vis-à-vis Mr. Register or Spike's Tactical.

### b. **<u>Plaintiffs still fail to plead suit-related minimum contacts for Register and Spike's Tactical</u>**

Plaintiffs cite dealer maps and revenue in Texas to prove business presence. But general market presence is not specific jurisdiction. The Supreme Court requires suit-related contacts— conduct creating a substantial connection to the forum for the claims pleaded. *Walden v. Fiore*, 571 U.S. 277 (2014); *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255 (2017). The

pleaded facts show the alleged conversion of WOT Triggers and proceeds retention tied to Spider Hole/Spike's Tactical activity, with sales alleged "at a gun show" (not pleaded as in Texas), and capital-contribution and management failures arising from Spider Hole's obligations under the Agreement—none of which Plaintiffs connect to Texas-based acts by Register or Spike's.

Plaintiffs' reliance on communications with a Texas resident likewise fails. Emails, texts, and calls into Texas do not automatically confer jurisdiction; the Court must find purposeful availment and that the claims arise out of those contacts. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327 (5th Cir. 2004); *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309 (5th Cir. 2007). The Response does not link the tort counts or the alleged breach to specific, suit-related Texas conduct by Register or Spike's; it provides no transaction documents, no Texas-performed acts, and no Texas locus of the conversion. The minimum-contacts prongs are thus unmet.

Because Plaintiffs do not carry their prima facie burden on prongs (1) and (2), the Court need not reach "fairness" under prong (3). *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

c. **Plaintiffs' Complaint fails to plead specific, suit related minimum contacts; their Response confirms the pleading deficiency**

On a Rule 12(b)(2) challenge, Plaintiffs bear the burden to make a prima facie showing of personal jurisdiction with well-pleaded, non-conclusory facts establishing suit-related minimum contacts. Conclusory assertions of 'doing business in Texas' or reliance on a forum clause cannot substitute for factual allegations tying each Defendant to Texas for the claims at issue. *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602 (5th Cir. 2008); *Walden v. Fiore*, 571 U.S. 277 (2014).

The Complaint contains no specific allegations that Michael Register or Spike's Tactical committed the complained-of acts in Texas or purposefully directed suit-related conduct at Texas. Instead, Plaintiffs' Response introduces new materials (dealer-locator maps, generalized revenue

assertions, and declarations) that are neither pleaded nor tethered to the tort and contract claims they assert. Those late, generalized contacts underscore that Plaintiffs could have pleaded additional facts but did not—and, even if considered, they still fail the suit-related nexus requirement under *Walden* and *Bristol-Myers*.

Because Plaintiffs' operative pleading omits the requisite jurisdictional facts, dismissal under Rule 12(b)(2) is warranted. At minimum, the Court should reject Plaintiffs' attempt to cure through post hoc, non-suit-related assertions and hold Plaintiffs to the pleading standard requiring specific allegations of purposeful availment and claim-connected contacts for each Defendant. *See Freudensprung*, 379 F.3d at 343; *Moncrief Oil*, 481 F.3d at 311.

## III. VENUE REMAINS IMPROPER FOR NON-SIGNATORIES AND TORT CLAIMS OUTSIDE THE AGREEMENT

Venue under § 1391(b)(2) requires a substantial part of the events in the forum. Plaintiffs point to residency and generalized Texas business activity, but the pleaded operative events (conversion, alleged sales, proceeds retention, failure to fund) are not tied to Texas acts. And even if the Agreement's forum clause were to be interpreted as mandatory as to Spider Hole, it does not supply venue for non-signatories or for claims outside its scope. *See In re Rolls Royce Corp.*, 775 F.3d 671, 678–80 (5th Cir. 2014).

## IV. PLAINTIFFS' RULE 41 ARGUMENTS MISSTATE THE EFFECT OF THE PRIOR DISMISSAL; RULE 41(d) COSTS REMAIN AVAILABLE

Defendants showed the voluntary dismissal of the prior action followed by refiling the same claims supports Rule 41(d) costs and a stay; Plaintiffs do not engage with Rule 41(d)'s deterrent purpose and concede costs may be awarded (fees only if an underlying statute defines "costs" to include fees). *Portillo v. Cunningham*, 872 F.3d 728 (5th Cir. 2017). The Court should award costs under Rule 41(d).

## CONCLUSION

For the foregoing reasons, Defendants, SPIDER HOLE, LLC, SPIKE'S TACTICAL, LLC, and MICHAEL REGISTER, request that the Court dismiss the Complaint with prejudice; award Defendants' costs and fees incurred under Rule 41(d); and grant such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December 2025, the foregoing was served electronically through the Court's CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Michael E. Long
MICHAEL E. LONG, ESQUIRE
Florida Bar No.: 0309620
**BREWERLONG PLLC**
407 Wekiva Springs Rd Ste 241
Longwood, FL 32779
Email: mlong@brewerlong.com
Secondary Email:
emailserviceonly@brewerlong.com
taylor@brewerlong.com
Telephone: (407) 660-2964
Facsimile: (407) 660-4439
JASON W. SNELL, ESQUIRE
Texas Bar No.: 24013540
**SNELL LAW**
404 W. 13th Street
Austin, Texas 78701
Email: jsnell@snellfirm.com