IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ABC IP, INC.; LAD, LLC; and LAWRENCE DEMONICO,<br>*Plaintiffs*<br><br>v.<br><br>SPIDER HOLE, LLC; SPIKE'S TACTICAL, LLC and MICHAEL REGISTER,<br>*Defendants* | § § § § § § § § § § § § § | CIVIL ACTION NO. 1:25-cv-01626-RP |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS

Defendants, SPIDER HOLE, LLC ("Spider Hole"), SPIKE'S TACTICAL, LLC ("Spikes") and MICHAEL REGISTER ("Register")(collectively, "Defendants"), by and through the undersigned counsel and pursuant to the Federal Rules of Procedure oppose Plaintiffs' Motion for Sanctions (Dkt. No. 8), and state:

## BACKGROUND

On December 2, 2025, Defendants filed a motion to dismiss challenging subject-matter jurisdiction, personal jurisdiction, and venue. *See* Dkt. No. 5. Plaintiffs' sanctions motion, filed on December 23, 2025, attacks a courtesy paragraph referencing Local Rule CV-7(g) and asserts that statements about Texas contacts violated Rule 11. *See* Dkt. No. 8 & Exs. 1–2.

Plaintiffs ask for Rule 11 and inherent-power sanctions based on two assertions: (1) a paragraph in Defendants' motion-to-dismiss referencing W.D. Tex. Local Rule CV-7(g) and (2) Defendants' contention that Plaintiff failed to plead that Defendants "conduct business in Texas." Neither supports sanctions. Procedurally, Plaintiffs' Rule 11 motion fails the rule's safe-harbor

requirement. Substantively, Plaintiffs target a dispositive-motion paragraph and jurisdictional contentions that are permitted at the pleadings stage.

**ARGUMENT**

**Overview of Basis for Denial of Plaintiffs' Motion for Sanctions**

The Motion should be denied for at least three independent reasons: (1) Plaintiffs failed to comply with Federal Rule of Civil Procedure 11(c)(2)'s safe-harbor requirements; (2) Plaintiffs' theory that Western District of Texas Local Rule CV-7(g) required a pre-filing conference for Defendants' Rule 12 motion is incorrect because CV-7(g) applies only to nondispositive motions, not dispositive motions such as Rule 12 motions to dismiss; and (3) Plaintiffs identify no sanctionable conduct—Defendants' jurisdictional denials based on failure to plead are permissible at the Rule 12 stage and the dealer/distributor materials Plaintiffs cite do not establish suit-related purposeful contacts attributable to these Defendants. Accordingly, the extraordinary remedy of inherent-power sanctions is unwarranted and unavailable on this record.

**I.    PLAINTIFFS' RULE 11 MOTION MUST BE DENIED FOR FAILURE TO COMPLY WITH SAFE HARBOR**

Rule 11(c)(2) requires that a motion for sanctions be "made separately," served under Rule 5, and not filed if the challenged paper is withdrawn or corrected within 21 days after service. Plaintiffs filed their motion on December 23, 2025, but identify no prior service of a Rule 11 motion and no compliance with the 21-day waiting period. Defendants received no such pre-filing service. Plaintiffs' failure to comply with the rule requires denial of the Motion. *See* Fed. R. Civ. P. 11(c)(2).

## II. THE LOCAL CERTIFICATE-OF-CONFERENCE RULE DOES NOT APPLY TO DISPOSITIVE MOTIONS

Plaintiffs' motion hinges on W.D. Tex. Local Rule CV-7(g). The rule provides that the Court may refuse to hear or deny a nondispositive motion unless the movant certifies a good-faith attempt to resolve the matter and states why agreement could not be reached. By its terms and consistent court practice, CV-7(g) governs discovery and other nondispositive motions. It does not impose a conferral requirement on dispositive motions such as Rule 12 motions to dismiss. *See* W.D. Tex. Local Rule CV-7(g).

The W.D. Tex. Local Rule CV-7(g) specifically states:

> **(g) Conference Required**. The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made. If there is any ambiguity about whether a motion is dispositive or nondispositive, the parties should confer. Movants are encouraged to indicate in the title of the motion whether the motion is opposed. A motion is unopposed only if there has been an actual conference with opposing counsel and there is no opposition to any of the relief requested in the motion.

Western District decisions enforce CV-7(g) in the nondispostive motion context (e.g., motions to compel, expedite discovery) but do not extend the rule to dispositive motions. *See, e.g., Johnson v. Salter*, No. 1:22-cv-1050 (February 20, 2024), Order noting CV-7(g) defect in motion to quash; and *Lonestar Airport Holdings, LLC v. City of Austin* (January 2, 2023), Order denying

expedited discovery for failure to confer under CV-7(g). As such, Rule CV-7(g) is not applicable to the Defendants' Motion to Dismiss, because it is a dispositive motion.

Defendants' motion-to-dismiss included a standard CV-7(g) paragraph as a courtesy. That text is surplusage in the dispositive-motion context and therefore cannot support sanctions.

## III. JURISDICTIONAL DISAGREEMENTS ARE NOT SANCTIONABLE

Rule 11(b) allows parties to advance nonfrivolous legal contentions and to deny factual assertions based on evidence, belief, or lack of information pending discovery. Jurisdictional challenges routinely test whether suit-related conduct creates a substantial connection with the forum. *See Walden v. Fiore*, 571 U.S. 277 (2014). Plaintiffs' screenshots of a dealer-locator and a declaration about distributors do not show Defendants' purposeful availment for the claims at issue, and certainly don't render Defendants' jurisdictional denials frivolous.

The "Find a Dealer" page and distribution relationships (RSR in Fort Worth, Primary Arms in Houston) reflect third-party sales channels, not necessarily Defendants' suit-related conduct in Texas. The screen shot and distributor locations do not convert independent dealer or distributor activity into Defendants' purposeful available for these claims, nor do they show that Defendants' denials were objectively unreasonable. Sanctions are not warranted for disagreements about jurisdictional facts and legal conclusion that are properly addressed through jurisdictional briefing and, if warranted, targeted jurisdictional discovery—not via sanctions. Plaintiffs' motion simply repackages a merits dispute as a Rule 11 issue. *See* Plaintiffs' Motion for Sanctions (Dkt. No. 8). As such, the Plaintiffs' Motion for Sanctions is improper and should be denied.

## IV. INHERENT-POWER SANCTIONS ARE INAPPROPRIATE

Inherent-power sanctions require clear evidence of bad faith, and if fees are awarded, they must be compensatory and tied to harm the movant would not have incurred "but-for" the

misconduct. See *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017). Plaintiffs show neither bad faith nor but-for harm. A dispositive-motion courtesy paragraph and a standard jurisdictional position do not evidence bad faith or justify sanctions. Accordingly, inherent-power sanctions are inappropriate, and Plaintiffs' Motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendants, SPIDER HOLE, LLC, SPIKE'S TACTICAL, LLC, and MICHAEL REGISTER, request that the Court deny Plaintiffs' Motion for Sanctions in its entirety; and grant such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January 2026, the foregoing was served electronically through the Court's CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Michael E. Long
MICHAEL E. LONG, ESQUIRE
Florida Bar No.: 0309620
**BREWERLONG PLLC**
407 Wekiva Springs Rd Ste 241
Longwood, FL 32779
Email: mlong@brewerlong.com
Secondary Email:
emailserviceonly@brewerlong.com
taylor@brewerlong.com
Telephone: (407) 660-2964
Facsimile: (407) 660-4439
JASON W. SNELL, ESQUIRE
Texas Bar No.: 24013540
**SNELL LAW**
404 W. 13th Street
Austin, Texas 78701
Email: jsnell@snellfirm.com