# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ABC IP, INC.; LAD, LLC; and<br>LAWRENCE DEMONICO,<br>    *Plaintiffs*<br><br>v.<br><br>SPIDER HOLE, LLC; SPIKE'S<br>TACTICAL, LLC and MICHAEL<br>REGISTER,<br>    *Defendants* | §§§§§§§§§§§§ | CIVIL ACTION NO. 1:25-cv-01626-RP |

## DEFENDANTS' AMENDED MOTION TO DISMISS

Defendants, SPIDER HOLE, LLC ("Spider Hole"), SPIKE'S TACTICAL, LLC ("Spikes") and MICHAEL REGISTER ("Register")(collectively, "Defendants"), by and through the undersigned counsel and pursuant to the Federal Rules of Procedure, move this Court to dismiss the Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue, and state:

## INTRODUCTION

As set forth in greater detail herein, this action is the second iteration of a lawsuit previously filed by ABC IP, LLC, LAD, LLC, and Lawrence Demonico against these Defendants. The prior action was voluntarily dismissed after Defendants moved to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. Plaintiffs now refiled the action under the name ABC IP, Inc., a Texas corporation, alleging that ABC IP, LLC assigned its claims to APC, Inc. This maneuver appears calculated to manufacture diversity jurisdiction and avoid the requirement to plead the citizenship of each LLC member, which would have destroyed complete diversity and precluded federal jurisdiction.

**FACTUAL BACKGROUND**

The prior lawsuit was filed by ABC IP, LLC, an entity whose members include citizens of both Texas and Florida. *See ABC IP, LLC; LAD, LLC; and Lawrence Demonico v. Spider Hole, LLC; Spike's Tactical, LLC and Michael Register*, Civil Action No. 1:25-cv-00864 (W.D. Tex. Filed on June 4, 2025)(the "Original Action"). Defendants are citizens of Florida. The prior complaint in the Original Action failed to allege the citizenship of all LLC members, and Defendants moved to dismiss for lack of subject matter jurisdiction. *See* Defendants' Motion to Dismiss, *APC IP, LLC v. Spider Hole, LLC*, et al., No. 1:25-cv-00864, ECF No. 10 (W.D. Tex. filed on September 24, 2025) attached hereto and incorporated herein as **Exhibit A** (the "Original Motion to Dismiss").

Plaintiffs voluntarily dismissed the Original Action and refiled the instant action under the name ABC IP, Inc., a Texas corporation, alleging assignment of claims from ABC IP, LLC. *See* Notice of Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(i), *APC IP, LLC v. Spider Hole, LLC, et al.*, No. 1:25-cv-00864, ECF No. 14 (W.D. Tex. filed on October 8, 2025). *See also* Order of Dismissal, *APC IP, LLC v. Spider Hole, LLC*, et al., No. 1:25-cv-00864, ECF No. 15 (W.D. Tex. filed on October 9, 2025). The assignment of claims to ABC IP, Inc. was made after the Original Motion to Dismiss was filed in the Original Action, and the new complaint in the instant action is nearly identical to the prior complaint except for the substitution of ABC IP, Inc., as a Plaintiff. Accordingly, the assignment of claims from ABC IP, LLC to ABC IP, Inc. is clearly a collusive assignment made solely for the purpose of manufacturing jurisdiction and as such is improper and does not cure the jurisdictional defects of the Original Action.

# ARGUMENT

I. **THE ASSIGNMENT OF CLAIMS DOES NOT CURE THE JURISDICTIONAL DEFECTS**

   a. **Federal Law Prohibits Collusive Assignments to Manufacture Diversity**

In the instant action, ABC IP, LLC, purportedly assigned its claims to ABC IP, Inc. after the Original Motion to Dismiss was filed in the Original Action. *See* Defendants' Motion to Dismiss, *APC IP, LLC v. Spider Hole, LLC, et al.*, No. 1:25-cv-00864, ECF No. 10 (W.D. Tex. filed on September 24, 2025), and the new complaint is nearly identical to the prior complaint except for the substitution of ABC IP, Inc. as plaintiff. The timing and circumstances strongly suggest the assignment was made solely to manufacture diversity jurisdiction.

Federal courts are courts of limited jurisdiction. Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity between all plaintiffs and all defendants. For LLCs, citizenship is determined by the citizenship of all members. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010); *Settlement Funding, LLC v. Rapid Settlements*, Ltd., 851 F.3d 530,536 (5th Cir. 2017). *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019).

Collusive assignments made for the purpose of creating federal jurisdiction are expressly prohibited. 28 U.S.C. § 1359 provides: "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

"The purpose of [§ 1359 is] to prevent agreements whose primary aim [is] to vest the court with jurisdiction it had not formerly enjoyed." *O'Brien v. Avco Corp.*, 425 F.2d 1030, 1034 (2d Cir. 1969); *See*, *Fugedi v. Initram, Inc.*, No.24-40283 (5th Cir. Sept. 9, 2025). *See also, Harrell & Sumner Contracting Co. v. Peabody Petersen Co.*, 546 F.2d 1227, 1229 (5th Cir. 1977).

The Supreme Court has long recognized that assignments made solely to manufacture diversity are improper and do not confer jurisdiction. *See Kramer v. Caribbean Mills, Inc*., 394 U.S. 823 (1969) (assignment of claim to a party with diverse citizenship for the sole purpose of creating federal jurisdiction is collusive and prohibited). *See also Grede v. Bank of N.Y. Mellon*, 598 F.3d 899, 900–01 (7th Cir. 2010) ("We treat an assignment as collusive when its sole function is to shift litigation from state to federal court."). *Yokeno v. Mafnas*, 973 F.2d 803, 809 (9th Cir. 1992) (collusive assignment barred under §1359). *See also Harrell & Sumner Contracting Co. v. Peabody Petersen Co*., 546 F.2d 1227, 1229 (5th Cir. 1977). *See also McCulloch v. Velez*, 364 F.3d 1, 6 (1st Cir. 2004).

"The scrutiny normally applied to transfers or assignments of claims which have the effect of creating diversity must be doubled in the case of assignments between related or affiliated corporations since common ownership or the control by one of the other only serves to increase the possibility of collusion". *Prudential Oil Corp. v. Phillips Petroleum Co*., 546 F.2d 469 (2d Cir. 1976). *See Dweck v. Japan CBM Corp.,* 877 F.2d 790, 792 (9th Cir.1989); *Airlines Reporting Corp. v. S and N Travel,* 58 F.3d 857, 862 (2d Cir.1995); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.,* 20 F.3d 987, 991-93 (9th Cir.1994); *Toste Farm Corp. v. Hadbury, Inc.,* 70 F.3d 640, 643 (1st Cir.1995).

Here ABC IP, Inc.'s alleged acquisition of claims from ABC IP, LLC —after the LLC's case was dismissed—strongly suggests collusion to manufacture jurisdiction. The assignment between the two related entities violates 28 U.S.C. § 1359 and is thus ineffective to create diversity jurisdiction.

### b. **The Real Party in Interest Remains the LLC; ABC IP, LLC is a Necessary Party Under Rule 19**

Even if ABC IP, LLC purported to assign its claims to ABC IP, Inc., the court must look to the real party in interest. If the LLC remains the real party in interest, or if the assignment was made solely to create diversity, the court must disregard the assignment for jurisdictional purposes. *See Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980) (real party in interest controls jurisdictional analysis); *see also Airlines Reporting Corp. v. S and N Travel, Inc.*, 58 F.3d 857 (2d Cir. 1995) (assignment does not confer jurisdiction if assignor retains substantial interest).

ABC IP, LLC remains a real party in interest because the claims originated with it. Under Rule 19(a), a party must be joined if its absence would impair its ability to protect its interests or leave existing parties subject to inconsistent obligations. Joinder of ABC IP, LLC would destroy diversity, eliminating subject matter jurisdiction. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968).

If joined, complete diversity is destroyed, and the court lacks subject matter jurisdiction. Accordingly, the joinder of ABC IP, LLC as a real party in interest destroys diversity requiring dismissal of the action.

## II. LACK OF SUBJECT MATTER JURISDICTION

As set forth above and in Defendants' Original Motion to Dismiss, Plaintiffs have failed to allege facts sufficient to establish subject matter jurisdiction. The assignment of claims from ABC IP, LLC to ABC IP, Inc. does not cure the jurisdictional defect if the assignment was made solely to manufacture diversity. Accordingly, the court must dismiss the action for lack of subject matter jurisdiction.

## III. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURSIDICTION

The Plaintiff has failed to allege any contacts with the forum state of Texas for Michael Register and Spikes Tactical, LLC. The only facts plead are that the Operating Agreement of ABC, IP, LLC has a jurisdiction and venue provision for resolution of operating agreement disputes in Texas. Notably, only Defendant Spider Hole, LLC was a member of ABC IP, LLC. Spike's Tactical, LLC and Michael Register, are not parties to the Operating Agreement. In the absence of more specific allegations, the Plaintiff has failed to sufficiently allege that Defendants have sufficient minimum contacts with the forum state.

The forum selection clause cannot confer jurisdiction over non-signatory defendants or for claims outside the scope of the agreement. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) ("The constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State."). The Plaintiff has failed to plead that Defendants have sufficient minimum contacts with Texas to support general or specific jurisdiction. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (Due process requires that the defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.). The Fifth Circuit has held that a court must determine whether the defendant "purposefully availed" itself of the privilege of conducting activities within the forum state. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). Jurisdiction cannot be exercised solely on the basis of a contract with a resident of the forum state. *Burger King*, 471 U.S. at 478; *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 343 (5th Cir. 2004).

Defendants are Florida entities and a Florida resident. Plaintiffs alleged jurisdiction based on a forum selection clause in the Operating Agreement. However, this reliance is misplaced. Not

all claims asserted by Plaintiffs arise out of or relate to the Operating Agreement and not all Defendants are parties to the Operating Agreement. The Plaintiffs have failed to allege sufficient allegations to establish minimum contracts with the forum state of Texas for Michael Register and Spike's Tactical, LLC who are not parties to the Operating Agreement and therefore the Complaint should be dismissed for lack of personal jurisdiction.

**IV.     THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER VENUE**

Plaintiffs alleged venue is proper based upon the forum selection clause in the Operating Agreement of ABC IP, LLC. However, venue is proper only if the claims fall within the scope of the forum selection clause and all the parties are bound by it. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). In the instant action, all the claims do not fall within the scope of the forum selection clause, and all the Defendants are not bound by the Operating Agreement.

The Fifth Circuit requires courts to consider whether the forum selection clause is mandatory or permissive, and whether it applies to all claims and parties. *Collins v. Mary Kay, Inc.,* 874 F.3d 176 (3rd Cir. 2017). Venue is improper for claims and parties not subject to the agreement, and for claims that do not arise out of or relate to the contract. *See In Re Rolls Royce Corp.*, 775 F.3d 671, 678-680 (5th Cir. 2014).

The forum selection clause does not apply to all claims, and not all Defendants are bound by the clause. Accordingly, Plaintiffs' reliance on the forum selection clause in the Operating Agreement is misplaced and the Plaintiffs' Complaint should be dismissed for improper venue.

## V. VOLUNTARY DISMISSAL AND RULE 41

### a. Dismissal with Prejudice under Rule 41(a)(1)(B)

As a result of the Plaintiffs refiling the same claims after a prior dismissal, the instant action should be dismissed with prejudice in accordance with Rule 41. Rule 41(a)(1)(B) provides: "If the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." ABC IP, LLC voluntarily dismissed its prior action. This second filing—based on the same claims—operates as an adjudication on the merits, requiring dismissal with prejudice. *See Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012 (2d Cir. 1976). The net effect of the prior dismissal and refiling is a dismissal with prejudice, barring further litigation of the same claims. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990). Accordingly, the instant action should be dismissed with prejudice.

### b. Costs under Rule 41(d)

The Defendants are entitled to an award of costs incurred in the prior action. Rule 41(d) authorizes the Court to award costs incurred in the prior action when a plaintiff refiles based on the same claims. Courts routinely grant such costs to deter duplicative litigation. See *Esquivel v. Arau*, 913 F. Supp. 1382, 1387-92 (C.D. Cal. 1996) (costs awarded under Rule 41(d) for refiled action). Defendants now seek costs incurred in the prior action under Rule 41(d), as the same claims have been refiled after voluntary dismissal.

## CONCLUSION

For the foregoing reasons, Defendants, SPIDER HOLE, LLC, SPIKE'S TACTICAL, LLC, and MICHAEL REGISTER, request that the Court dismiss the Complaint with prejudice; award

Defendants' costs and fees incurred under Rule 41(d); and grant such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January 2026, the foregoing was served electronically through the Court's CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Michael E. Long
MICHAEL E. LONG, ESQUIRE
Florida Bar No.: 0309620
**BREWERLONG PLLC**
407 Wekiva Springs Rd Ste 241
Longwood, FL 32779
Email: mlong@brewerlong.com
Secondary Email:
emailserviceonly@brewerlong.com
taylor@brewerlong.com
Telephone: (407) 660-2964
Facsimile: (407) 660-4439
JASON W. SNELL, ESQUIRE
Texas Bar No.: 24013540
**SNELL LAW**
404 W. 13th Street
Austin, Texas 78701
Email: jsnell@snellfirm.com

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ABC IP, LLC; LAD, LLC; and<br>LAWRENCE DEMONICO,<br> *Plaintiffs*<br><br>v.<br><br>SPIDER HOLE, LLC; SPIKE'S<br>TACTICAL, LLC and MICHAEL<br>REGISTER,<br> *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 1:25-cv-00864 |

### DEFENDANTS' MOTION TO DISMISS

Defendants, SPIDER HOLE, LLC ("Spider Hole"), SPIKE'S TACTICAL, LLC ("Spikes") and MICHAEL REGISTER ("Register")(collectively, "Defendants"), by and through the undersigned counsel and pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(3) of the Federal Rules of Procedure, move this Court to dismiss the Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue, and state:

### I. INTRODUCTION

As set forth in greater detail herein, Defendants assert three bases for dismissal of the Complaint in its entirety (1) The Plaintiffs fail to assert allegations sufficient to establish that this Court has Subject Matter Jurisdiction, and (2) The Plaintiffs fail to assert sufficient allegations to establish personal jurisdiction over Spike's Tactical, LLC and Michael Register; and (3) Plaintiffs' assertion for venue based on the forum selection clause in the ABC IP, LLC Operating Agreement (the "Operating Agreement") is improper.

## II.     THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

A party attempting to invoke the jurisdiction of the federal courts bears the burden of establishing that jurisdiction. *Langley v. Jackson State University*, 14 F.3d 1070 (5th Cir.), *cert. denied*, 513 U.S. 811 (1994). Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F. 2d 1553, 1558-1559 (9th Cir. 1987). Rule 8(a)(1) of the Federal Rules of Civil Procedure requires each pleading contain "a short and plain statement of the grounds for the court's jurisdiction…" The Complaint does not contain any allegations invoking federal question jurisdiction, and it fails to allege the facts necessary for diversity jurisdiction.

Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Beavers v. A.O. Smith Elec. Products Co.*, 265 Fed. Appx. 772, 777 (11th Cir. 2008). "For a federal court to have diversity jurisdiction the plaintiff must allege a proper jurisdictional basis in the complaint including an amount in controversy in excess of [$75,000] exclusive of interest and costs, and that the plaintiff and defendants are citizens of different states." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person. For a corporate defendant the complaint must allege either the corporation's state of incorporation or principal place of business." *Id*. at 1367.

For limited liability companies, citizenship is determined by the citizenship of all members, not merely the state of formation or the principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010); *Settlement Funding, LLC v. Rapid Settlements*, Ltd., 851 F.3d 530,536 (5th Cir. 2017). *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019).

The plaintiff has the burden to affirmatively allege facts demonstrating the existence of jurisdiction but failed to allege the citizenship of the Plaintiffs. In the absence of allegations of the parties' citizenship, the federal courts do not have jurisdiction on diversity grounds, and the Complaint should be dismissed. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Even on a most generous reading of the Complaint, the Court should find that the Plaintiffs have failed to allege a basis for subject matter jurisdiction. Plaintiffs assert that the Court has jurisdiction based on diversity jurisdiction. 28 U.S.C. § 1332. However, Plaintiffs have failed to properly allege the citizenship of ABC IP, LLC and LAD, LLC. To identify the citizenship of an LLC or other unincorporated entity, a party must list the citizenship of all members of that entity. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Where a member of the party is also an unincorporated entity, its members must also be identified continuing on through however many layers of members there may be. *See Purchasing Power, LLC v. Bluestem Brands, Inc*., 851 F.3d 1218, 1220 (11th Cir. 2017). Plaintiffs have not alleged the citizenship of all members of ABC IP, LLC and LAD, LLC. If any member is a citizen of Florida, complete diversity is destroyed, as Defendants are citizens of Florida. See *Mitchell v. Bailey*, 982 F.3d 937 (5th Cir. 2020); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). Plaintiffs bear the burden of properly alleging facts supporting diversity jurisdiction. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir.

2003). Accordingly, Plaintiffs have not met their burden to assert sufficient allegations supporting diversity jurisdiction.

Not only have the Plaintiffs not sufficiently met their burden of properly alleging facts to support diversity jurisdiction, but the Plaintiffs' reliance on the contractual provisions of the Operating Agreement of ABC IP, LLC is also misplaced. Federal courts require an independent jurisdictional basis; jurisdiction cannot be created by agreement or control. *Badgerow v. Walters*, 142 S.Ct. 1310, 1316 (2022). Accordingly, the Plaintiffs cannot rely upon the Operating Agreement of ABC IP, LLC to establish jurisdiction. Notably, all the Defendants are not parties to the Operating Agreement.

The Plaintiffs in this action have not properly alleged diversity jurisdiction and improperly rely on a contractual provision that does not apply to all parties and cannot establish jurisdiction. Accordingly, this Court cannot establish that federal subject matter jurisdiction exists in this case, and the Complaint must be dismissed.

### III.   THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURSIDICTION

The Plaintiffs have failed to allege any contacts with the forum state of Texas for Michael Register and Spikes Tactical, LLC. The only facts pled are that the Operating Agreement of ABC, IP, LLC has a jurisdiction and venue provision for resolution of operating agreement disputes in Texas. Notably, only Defendant Spider Hole, LLC was a member of ABC IP, LLC. Spikes Tactical, LLC and Michael Register, are not parties to the Operating Agreement. In the absence of more specific allegations, the Plaintiffs have failed to sufficiently allege that Defendants have sufficient minimum contacts with the forum state.

The forum selection clause cannot confer jurisdiction over non-signatory defendants or for claims outside the scope of the agreement. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

474 (1985) ("The constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State."). Defendants lack sufficient minimum contacts with Texas to support general or specific jurisdiction. The alleged conduct occurred primarily in Florida, and Defendants do not conduct business in Texas. See *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (Due process requires that the defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.). The Fifth Circuit has held that a court must determine whether the defendant "purposefully availed" itself of the privilege of conducting activities within the forum state. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). Jurisdiction cannot be exercised solely on the basis of a contract with a resident of the forum state. *Burger King*, 471 U.S. at 478; *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 343 (5th Cir. 2004).

Defendants are Florida entities and a Florida resident. Plaintiffs alleged jurisdiction based on a forum selection clause in the Operating Agreement. However, this reliance is misplaced. Not all claims asserted by Plaintiffs arise out of or relate to the Operating Agreement and not all Defendants are parties to the Operating Agreement. The Plaintiffs have failed to allege sufficient allegations to establish minimum contracts with the forum state of Texas for Michael Register and Spikes Tactical, LLC who are not parties to the Operating Agreement and therefore, Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction.

## IV.   THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER VENUE

Plaintiffs alleged venue is proper based upon the forum selection clause in the Operating Agreement of ABC IP, LLC. However, venue is proper only if the claims fall within the scope of the forum selection clause and all the parties are bound by it. *See Stewart Organization, Inc. v.*

*Ricoh Corp.*, 487 U.S. 22, 29 (1988). In the instant action, all the claims do not fall within the scope of the forum selection clause, and all the Defendants are not bound by the Operating Agreement.

The Fifth Circuit requires courts to consider whether the forum selection clause is mandatory or permissive, and whether it applies to all claims and parties. *Collins v. Mary Kay, Inc.,* 874 F.3d 176 (3rd Cir. 2017). Venue is improper for claims and parties not subject to the agreement, and for claims that do not arise out of or relate to the contract. *See In Re Rolls Royce Corp.*, 775 F.3d 671, 678-680 (5th Cir. 2014).

The forum selection clause does not apply to all claims, and not all Defendants are bound by the clause. Accordingly, Plaintiffs' reliance on the forum selection clause in the Operating Agreement is misplaced and the Plaintiffs' Complaint should be dismissed for improper venue.

## V.     CONCLUSION

For the foregoing reasons, Defendants, SPIDER HOLE, LLC, SPIKE'S TACTICAL, LLC, and MICHAEL REGISTER, request that the Court dismiss the Complaint for lack subject matter jurisdiction, lack of personal jurisdiction, and improper venue.

## GOOD FAITH CONFERENCE

Pursuant to Local Rule CV-7(g), the opposing party was unavailable prior to the Motion's filing. The movant will diligently try for 3 days to contact the opposing party in conformity with Local Rule CV-7(g) and promptly supplement the Motion as appropriate.

/s/ Michael E. Long
Michael E. Long, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September 2025, the foregoing was served electronically through the Court's CM/ECF system which will send notification of such filing to all counsel of record.

        Respectfully submitted,

        SNELL LAW

BY:    */s/ Jason W. Snell*
        Jason W. Snell
        Bar No. 24013540
        404 W. 13th Street
        Austin, Texas 78701
        (512) 477-5291 – Telephone
        (512) 477-5294 – Fax
        firm@snellfirm.com – Email

And

        /s/ Michael E. Long
        MICHAEL E. LONG, ESQUIRE
        Florida Bar No.: 0309620
        **BREWERLONG PLLC**
        407 Wekiva Springs Rd Ste 241
        Longwood, FL 32779
        Email: mlong@brewerlong.com
        Secondary Email:
        emailserviceonly@brewerlong.com
        taylor@brewerlong.com
        Telephone: (407) 660-2964
        Facsimile: (407) 660-4439

        ATTORNEYS FOR DEFENDANTS