**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **ABC IP, INC.; LAD, LLC; and LAWRENCE DEMONICO** | **CIVIL ACTION NO.:** 1-25-CV-01626 |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **SPIDER HOLE, LLC; SPIKE'S TACTICAL, LLC and MICHAEL REGISTER** | |
| **Defendants.** | |

---

**STIPULATED DISCOVERY AND CASE MANAGEMENT PLAN**

---

Plaintiffs ABC IP, Inc., LAD, LLC, and Lawrence DeMonico ("Plaintiffs") and Defendants Spider Hole, LLC, Spike's Tactical, LLC, and Michael Register ("Defendants") hereby submit the following Joint Discovery and Case Management Plan:

1. **State where and when the meeting of the Parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **February 4, 2026**. The following attended:

   Jared Greathouse and Marisol Sobek, counsel for Plaintiffs.

   Michael Long and Jason Snell, counsel for Defendants.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   There are no related cases pending in any state or federal court at this time.

3. **Briefly describe what this case is about.**

   **PLAINTIFFS' STATEMENT:** This case involves a business dispute arising from the parties' prior commercial relationships. Plaintiffs ABC IP, Inc., LAD, LLC, and

Lawrence DeMonico have brought claims against Defendants Spider Hole, LLC, Spike's Tactical, LLC, and Michael Register for Conversion, Breach of Contract, Fraud, Piercing the Corporate Veil/Alter Ego, Unjust Enrichment, and Breach of Fiduciary Duty. Plaintiffs allege that Defendant Michael Register, operating through Defendant Spider Hole, LLC, fraudulently induced Plaintiff DeMonico to allow Register to become a member of ABC IP, LLC by falsely representing that Spider Hole would serve as the Company's primary source of capital. Plaintiffs further allege that Spider Hole breached the Operating Agreement by failing to provide capital contributions and failing to actively participate in the management of the Company. Additionally, Plaintiffs allege that Spider Hole converted ABC's property (WOT Triggers), selling them without authorization and failing to remit the proceeds to ABC, and that Defendant Spike's Tactical, LLC was unjustly enriched by selling these triggers.

Accordingly, Plaintiffs have raised causes of action for Conversion, Breach of Contract, Fraud, Piercing the Corporate Veil/Alter Ego, Unjust Enrichment, and Breach of Fiduciary Duty against Defendants.

**DEFENDANTS' STATEMENT:** Defendants deny Plaintiffs' allegations. Defendants have filed a pending Rule 12(b)(1), 12(b)(2), and 12(b)(3) Motion to Dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue, and hereby incorporate their Motion herein by reference. Defendants' participate in this Stipulated Discovery and Case Management Plan filing solely to comply with existing Court procedures and does not waive entitled to a dismissal for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. Defendants have many defenses to the claims brought by Plaintiffs—but fully participating in this stipulated discovery and case management plan, laying out defenses, and otherwise participating in the litigation, may be construed as a waiver of its entitlement to a dismissal of the Complaint. Thus, Defendants requests that this Court allow this Stipulated Discovery and Case Management Plan to be amended and revisited in the event that the motion to dismiss is denied in whole or in part, so as to allow Defendants to comply with the Court's rules and procedures, but without acting in a manner inconsistent with the Motion.

4. **Specify the allegations of federal jurisdiction.**

Plaintiffs' Statement: This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of Texas and citizens of Florida, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs ABC IP, Inc., LAD, LLC, and Lawrence DeMonico are citizens of Texas. Defendants Spider Hole, LLC, Spike's Tactical, LLC, and Michael Register are citizens of Florida.

Defendant's Statement: Defendants have filed a pending Motion to Dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue, and hereby incorporate their Motion herein by reference. Defendants

is not making any representations to the Court which may be construed as inconsistent with their right to dismissal.[1]

5.  **Name the Parties who disagree and the reasons.**

N/A

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The parties do not anticipate adding any additional parties, but reserve the right to do so.

7.  **List anticipated interventions.**

The Parties do not anticipate any interventions at this time.

8.  **Describe class-action issues.**

There are no class-action issues in this matter.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties will exchange initial disclosures on or before **March 18, 2026**.

10. **Describe the proposed agreed discovery plan, which is not joined by Defendants including:**

A.  **Responses to all the matters raised in Rule 26(f).**

i.   *What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.*

The Parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a). The deadline for the Parties to exchange Initial Disclosures is **March 18, 2026**.

ii.  *The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.*

---

[1] The parties agree that the limited extent to which Defendant has participated in advising the Court pursuant to this joint submission does not waive the arguments set forth in the Motion and is not inconsistent with their position regarding the same.

**PLAINTIFFS: Plaintiffs anticipate** conducting discovery on the following subjects:

a.    The circumstances surrounding Defendants' receipt, possession, and sale of ABC's WOT Triggers in violation of the injunction and without authorization;

b.    Spider Hole's failure to provide capital contributions as required under Section 3.2 of the Operating Agreement and failure to actively participate in the management of ABC;

c.    Defendant Register's fraudulent representations regarding his intention and ability to serve as the "money guy" and provide capital to ABC; and

d.    Third party discovery necessary to establish causation and damages, including evidence of Spike's Tactical's sales of WOT Triggers and business operations in Texas.

*iii.*    *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.*

Discovery may encompass electronically stored information ("ESI"). The Parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each Party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing Party's discovery requests. The Parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The Parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the Parties have agreed to meet and confer before seeking intervention from the Court.

The Parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The Parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the Parties will discuss the specific

information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the Parties cannot reach an agreement, Plaintiff or any Defendant may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

iv.    ***Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.***

The Parties agree that if a receiving Party believes that privileged or protected material may have been inadvertently disclosed or produced, said Party will advise the producing Party and proceed as required if such Party asserts inadvertent disclosure. The Parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The Parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any Party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the Parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The Parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The Parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

v.    ***What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.***

The parties agree there should be no changes or deviation from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

vi.    ***Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).***

The Parties anticipate submitting a Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) on or before **April 1, 2026**.

B.    **When and to whom the Plaintiff anticipates it may send interrogatories.**

Plaintiffs anticipate sending interrogatories to Defendants on or before **April 20, 2026**.

**C.     When and to whom the Defendant anticipates it may send interrogatories.**

Defendants anticipate sending interrogatories to Plaintiffs on or before **April 20, 2026**.

**D.     Of Whom and by when the Plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate taking the oral depositions of Defendant Michael Register, Defendants' corporate representatives and any third parties identified in discovery on or before **August 8, 2026**.

**E.     Of whom and by when the Defendant anticipates taking oral depositions.**

Defendants anticipate taking the oral depositions of Plaintiffs, corporate representatives of ABC IP, LLC and ABC IP, Inc., fact witnesses identified by Plaintiffs, and/or other third parties identified in discovery on or before June 8, 2026.

**F.     When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

  i.    Initial Expert Disclosure Deadline: **July 8, 2026**
  ii.   Rebuttal Expert Disclosure Deadline: **July 22, 2026**

**G.     List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

Should Defendants designate an expert witness, Plaintiffs anticipate taking their deposition on or before **September 21, 2026**.

**H.     List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).**

Should Plaintiffs designate an expert witness, Defendants anticipate taking their deposition on or before **September 21, 2026**.

**11.   If the Parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

All Parties agree to this discovery plan.

**12.   Specify the discovery beyond initial disclosures that has been undertaken to date.**

The Parties have not yet conducted any discovery other than the disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

13.    **State the date the planned discovery can reasonably be completed.**

    A.    Fact Discovery: **September 1, 2026**
    B.    Expert Discovery: **September 21, 2026**

14.    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have engaged in significant settlement discussions and are working through lingering issues to try to resolve this matter without further litigation.

15.    **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have engaged in significant settlement discussions and are working through lingering issues to try to resolve this matter without further litigation.

16.    **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

This case may be appropriate for mediation at any time.

17.    **Magistrate Judges may now hear jury and non-jury trials. Indicate the Parties' joint position on a trial before a Magistrate Judge.**

The Parties jointly consent to trial before a Magistrate Judge.

18.    **State whether a jury demand has been made and if it was made on time.**

Plaintiffs timely requested a Jury Trial in their Original Complaint filed on October 8, 2025 (Docket No. 1).

19.    **Specify the number of hours it will take to present the evidence in this case.**

**PLAINTIFF:** Twenty (20) Hours (2.5 Days)

**DEFENDANT:** Twenty (20) Hours (2.5 Days)

20.    **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Defendants' Rule 12(b)(1), 12(b)(2), and 12(b)(3) Motion to Dismiss Plaintiffs' Complaint.

**21.**    **List other motions pending.**

Aside from Defendants' Rule 12(b)(1), 12(b)(2), and 12(b)(3) Motion to Dismiss Plaintiffs' Complaint, there are no motions pending at this time.

**22.**    **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

There are no matters peculiar to this case that deserve the special attention of the Court at the conference at this time.

**23.**    **Certify that all Parties have filed Disclosures of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

The Parties hereby certify that Disclosures of Interested Parties have been filed.

**24.**    **Other Matters.**

**A.**    **Electronic Service.**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| PARTY: | E-MAIL SERVICE ADDRESSES: |
|---|---|
| Plaintiff | Jared A. Greathouse (jgreathouse@munsch.com) <br><br> Marisol Sobek (msobek@munsch.com) |
| Defendant | Michael E. Long (mlong@brewerlong.com) <br><br> Jason W. Snell (jsnell@snellfirm.com) |

**25.    List the name, bar numbers, addresses, and telephone numbers of all counsel.**

This information is reflected below.

Respectfully submitted this 13th day of March 2026.

/s/ Jared A. Greathouse
Jared A. Greathouse
Texas Bar No. 24077284
Marisol Sobek
Texas Bar No. 24134080
MUNSCH HARDT KOPF & HARR, PC
1717 West 6th Street, Suite 250
Austin, Texas 78703
T: (512) 391-6100
E: jgreathouse@munsch.com

Attorneys for Plaintiffs ABC IP, Inc., LAD, LLC, and Lawrence DeMonico

Michael E. Long
Florida Bar No. 0309620
BREWERLONG PLLC
407 Wekiva Springs Rd Ste 241
Longwood, FL 32779
T: (407) 660-2964
E: mlong@brewerlong.com

Jason W. Snell
Texas Bar No. 24013540
SNELL LAW
404 W. 13th Street
Austin, Texas 78701
T: (512) 477-5291
E: jsnell@snellfirm.com

Counsel for Defendants Spider Hole, LLC, Spike's Tactical, LLC, and Michael Register

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**MUNSCH HARDT KOPF & HARR, PC**

By:  /s/ Jared A. Greathouse
Jared A. Greathouse