**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

ABC IP, INC; LAD, LLC; and                    CIVIL ACTION NO..: 1:25 CV 01626
LAWRENCE DEMONICO.,

      **Plaintiffs,**

v.

SPIDER     HOLE,     LLC;     SPIKE'S
TACTICAL,    LLC    and    MICHAEL
REGISTER,

      **Defendants**

_____/

**DEFENDANTS' MOTION TO STAY DISCOVERY AND EMERGENCY MOTION FOR PROTECTIVE ORDER**

Defendants, SPIDER HOLE, LLC ("Spider Hole"), SPIKE'S TACTICAL, LLC ("Spikes") and MICHAEL REGISTER ("Register")(collectively, "Defendants"), by and through the undersigned counsel, move the Court for entry of an Order: (1) staying discovery and staying all discovery-related deadlines pending resolution of Defendants' Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction and Personal Jurisdiction (Doc. No. 12); and (2) on an emergency basis, entering a protective order to prevent Plaintiffs from proceeding with notice depositions, including non-party depositions, while this Motion is pending, and for such other relief as the Court deems just This Motion is brought pursuant to Fed. R. Civ. P. 26(c) and the Court's inherent authority to control its docket, and in support thereof Defendants state:

**INTRODUCTION**

Defendants' Amended Motion to Dismiss (Doc No. 12) presents threshold challenges to this Court's authority to adjudicate this dispute, including lack of subject matter jurisdiction, lack

of personal jurisdiction, and improper venue. These issues are dispositive in nature and should be resolved before the parties incur the substantial costs associated with full merits discovery.

Notwithstanding the pendency of that motion, Plaintiffs have served sweeping written discovery and noticed multiple depositions without coordination. Those efforts seek broad electronically stored information ("ESI") collections, financial records, and deposition testimony that will impose significant and potentially unnecessary costs. A limited stay will avoid that burden while allowing the Court to first determine whether this case may proceed at all.

Emergency interim relief is necessary because depositions—once taken—cannot be "un-taken." Even if the Court later grants a stay, the burdens, costs, and prejudice associated with compelled deposition preparation and testimony will already have occurred. Accordingly, Defendants seek an interim protective order continuing and prohibiting the noticed depositions unless and until the Court rules on the requested stay or issues further discovery directives.

**FACTUAL BACKGROUND**

This action follows an earlier lawsuit filed by ABC IP, LLC, which Defendants challenged for lack of subject matter jurisdiction. *See* Defendants' Amended Motion to Dismissed (Doc. No. 12). Plaintiffs voluntarily dismissed that action and refiled under the name ABC IP, Inc., alleging an assignment of claims after Defendants moved to dismiss. *Id.* Defendants' Amended Motion to Dismiss in this action (Doc. No. 12) challenges that assignment as collusive and raises threshold jurisdictional and venue defects. *Id.* The operative complaint in this action (Doc. No. 1) is materially identical to the prior pleading except for the substitution of ABC IP, Inc. for ABC IP, LLC.

While Defendant's Amended Motion to Dismiss (Doc. No. 12) remains pending, Plaintiffs served extensive written discovery dated April 20, 2026, including Requests for Production,

Requests for Admission, and Interrogatories. *See* Plaintiffs' First Request for Production and Plaintiffs' First Request for Admissions attached hereto and incorporated herein as **Composite Exhibit A**.  *See* Plaintiff's First Set of Interrogatories attached hereto and incorporated herein as **Exhibit B**.

Plaintiffs have also noticed multiple depositions, including non-party depositions, without coordination. *See* Plaintiffs' Notices of Deposition attached hereto and incorporated herein as **Composite Exhibit C**.

### LEGAL STANDARD

A district court has broad discretion to stay discovery pending resolution of threshold issues that may dispose of a case. Rule 26(c) authorizes such relief upon a showing of good cause to protect a party from undue burden or expense. *See* Fed. R. Civ. P. 26(c); *Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987); *Landis v. N. Am. Co.*, 299 U.S. 248 (1938).

Consistent with these principles, courts in the Western District of Texas routinely stay discovery where a pending motion raises threshold jurisdictional or venue issues. See, e.g., *Rosales v. Wormuth*, 2024 WL 1336464 (W.D. Tex. Mar. 28, 2024) (granting stay of discovery pending motions to dismiss raising jurisdictional and immunity issues); *OSR Enters. AG v. REE Auto. Ltd.*, No. 1:22-CV-01327-DII, Order (W.D. Tex. May 26, 2023) (staying "all discovery" while a motion to dismiss raising threshold issues was pending).

In determining whether a stay is appropriate, courts balance the potential burden of discovery against the likelihood that the dispositive motion will resolve or materially narrow the case. See *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063 (W.D. Tex. Apr. 8, 2016).

Rule 26(c) also authorizes protective relief—including forbidding a discovery method, prescribing different terms, or limiting the scope of discovery—to protect a party from undue

3

burden or expense. Fed. R. Civ. P. 26(c)(1). Additionally, Rule 30(d)(3) empowers the Court to terminate or limit a deposition on grounds that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. Fed. R. Civ. P. 30(d)(3).

## ARGUMENT

### I.    THE PENDING MOTION PRESENTS THRESHOLD ISSUES THAT WARRANT A STAY

Defendants' Amended Motion to Dismiss (Doc. No. 12) challenges subject matter jurisdiction, personal jurisdiction, and venue under Rules 12(b)(1), 12(b)(2), and 12(b)(3). These are threshold issues that determine whether this Court may hear the case at all.

Courts in this District consistently stay discovery under these circumstances. In *Rosales v. Wormuth*, the Austin Division granted a stay where pending motions raised jurisdictional and immunity issues, finding it "premature to allow discovery to commence" before those questions were resolved. 2024 WL 1336464 (W.D. Tex. Mar. 28, 2024). Likewise, in *OSR Enterprises AG v. REE Auto. Ltd.*, the court stayed "all discovery" while a motion to dismiss raising lack of personal jurisdiction and other threshold defenses was pending. No. 1:22-CV-01327-DII, Order (W.D. Tex. May 26, 2023).

The same reasoning applies here. Defendants' Amended Motion to Dismiss (Doc. No. 12) presents dispositive threshold issues pertaining to Subject Matter Jurisdiction and Personal Jurisdiction and requiring full merits discovery before those issues are resolved would be highly prejudicial, inefficient and potentially unnecessary.

### II.   A STAY PROMOTES JUDICIAL ECONOMY AND CONSERVES PARTY RESOURCES

Allowing discovery to proceed while threshold jurisdictional issues remain unresolved undermines the core purpose of Rule 26(c)to avoid unnecessary burden and expense. If Amended Motion to Dismiss (Doc. No. 12) is granted, the parties and the Court will have avoided extensive discovery that cannot be undone.

Courts in this District recognize this practical concern and routinely stay discovery in similar circumstances. See *Rosales*, No. 2024 WL 1336464 (granting stay to avoid unnecessary burden pending jurisdictional rulings); *OSR Enters.*, No. 1:22-CV-01327-DII, Order.

Accordingly, judicial economy strongly favors resolving the threshold motion before requiring the parties to engage in expansive discovery.

## III.    PLAINTIFFS WILL NOT BE UNFAIRLY PREJUDICED BY A LIMITED TEMPORARY STAY

The stay requested is limited in both scope and duration. It simply pauses discovery until the Court resolves Defendants' threshold Amended Motion to Dismiss (Doc. No. 12).

Courts in this District evaluate such requests by balancing the burden of discovery against any prejudice from delay. See *Rosales*, 2024 WL 1336464 (applying balancing test under Rule 26(c) and *Petrus*); *Bickford*, 2016 WL 1430063.

Here, Plaintiffs suffer no meaningful prejudice from a temporary pause. Their discovery has already been served and preserved, and they do not require merits discovery to respond to jurisdictional and venue challenges, which are resolved based on the pleadings and jurisdictional record.

By contrast, proceeding with discovery now would impose immediate and substantial costs that may prove wholly unnecessary—precisely the scenario courts seek to avoid when granting stays pending dispositive motions. See *Rosales*, 2024 WL 1336464; *OSR Enters.,* No. 1:22-CV-01327-DII.

**IV.    DEFENDANTS EXPRESSLY DECLINED TO AGREE TO MERITS DISCOVERY GIVEN THE PENDING MOTION TO DISMISS**

Although a "Stipulated Discovery and Case Management Plan" was filed by the Plaintiff in this case on March 13, 2026 (Doc. No. 15), Defendants expressly preserved their position that full participation in discovery was improper while their Motion to Dismiss for Lack of Subject Matter Jurisdiction and Personal Jurisdiction and remains pending (the "Plan"). The Plan itself reflects that Defendants filed a Rule 12(b)(1), 12(b)(2), and 12(b)(3) Motion to Dismiss and incorporated that motion by reference.

Critically, Defendants also expressly cautioned that participation in the case management process should not be construed as waiving their entitlement to dismissal and requesting that the discovery plan be revisited if the motion to dismiss is denied.  Consistent with that position, Defendants did not agree to proceed with full merits discovery while the Court's jurisdiction is being challenged.

Further, the purported "stipulated" Plan is not executed by Defendants' counsel. The Plan bears Plaintiffs' counsel's signature but is not signed by Defendants' counsel, underscoring that there was no true agreement by Defendants to proceed with merits discovery in light of the pending Motion to Dismiss. See Doc. No. 15. This absence of an executed stipulation is consistent with Defendants' expressly preserved objection to the undertaking of discovery that could undermine or prejudice their threshold jurisdictional defenses.

Despite this clear procedural posture, Plaintiffs have proceeded unilaterally to propound extensive written discovery and set depositions without coordination with Defendants' counsel, effectively attempting to force merits discovery before the Court determines whether it has jurisdiction to hear the case at all. Courts in the Western District of Texas have made clear that such circumstances warrant a stay, particularly where proceeding with discovery risks unnecessary

burden and inefficiency while dispositive threshold issues remain pending. See *Rosales v. Wormuth*, No. 2024 WL 1336464 (W.D. Tex. Mar. 28, 2024) (granting stay where threshold jurisdictional issues were pending and emphasizing efficiency and fairness concerns).

Accordingly, Plaintiffs' attempt to proceed with full discovery is inconsistent with both the procedural posture of this case and Defendants' expressly preserved objections. A stay is necessary to maintain the status quo and ensure that Defendants' Amended Motion to Dismiss (Doc. No. 12) is resolved without prejudice or the imposition of unnecessary and potentially dispositive litigation burdens.

## V.     ACTIVE MERITS PARTICIPATION RISKS WAIVER OF JURISDICTIONAL DEFENSES

Defendants' pending Amended Motion to Dismiss raises threshold challenges to this Court's subject-matter jurisdiction, personal jurisdiction, and venue, and Defendants seek a stay of discovery to avoid any argument that Defendants have forfeited or waived those threshold objections by litigating the merits before the Court resolves them.   Courts recognize that, notwithstanding Rule 12(h), a defendant may be found to have waived a jurisdictional defense— even if preserved in an answer—where the defendant "substantially participates in the litigation without actively pursuing the defense." *US LED, LTD. v. NU POWER ASSOCIATES, INC.*, Civil Action No. H-07-0783, 2008 WL 4838851, at *2 (S.D. Tex. Nov. 5, 2008) (explaining that "some defendants have been found to have waived the jurisdictional defense, despite nominally preserving it in an answer, if the defendant substantially participates in the litigation without actively pursuing the defense," and collecting authority).   In the Fifth Circuit, the court has noted the existence of a "well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections," and has discussed waiver principles in the personal-jurisdiction context. *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*,

260 F.3d 453, 459 (5th Cir. 2001). Likewise, the Fifth Circuit has observed that other circuits hold "a defendant may waive a properly-pleaded personal jurisdiction defense by failing to pursue the defense after including it in an answer," and it analyzed whether litigation conduct rose to the level of waiver where the defendant participated in case activity before filing the jurisdictional motion. *Brokerwood Products International (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 379– 80 (5th Cir. 2004).

Here, compelling Defendants to engage in merits discovery and related case activity while the threshold Motion to Dismiss is pending would create exactly the type of waiver or forfeiture dispute that courts have cautioned against—i.e., an argument that Defendants "ch[o]se to litigate actively on the merits" and thereby surrendered jurisdictional objections, notwithstanding their timely preservation. A stay of discovery therefore serves judicial economy and protects the parties from litigating unnecessary discovery disputes and waiver issues before the Court determines whether it may exercise jurisdiction (and whether venue is proper) in the first instance.

## VI.    EMERGENCY MOTION FOR PROTECTIVE ORDER

Even if the Court has not yet ruled on the requested discovery stay, Defendants have shown good cause for immediate, interim protection under Rule 26(c). Plaintiffs have noticed multiple depositions—including non-party depositions—without coordination while Defendants' threshold Amended Motion to Dismiss remains pending.

Depositions uniquely impose immediate, non-recoverable burdens: witness preparation, collection and review of documents, coordination with third parties, and the time and expense of testimony. If depositions proceed now and the Court later grants a stay or grants the Amended Motion to Dismiss, the costs and prejudice of compelled deposition discovery will not be undone. Rule 26(c) exists to prevent precisely that undue burden and expense. Defendants simply cannot

be forced to participate in unilaterally noticed depositions and risk waiver of their claims of lack of wither Subject Matter or Personal Jurisdiction.

Accordingly, Defendants request that the Court enter an interim protective order that, pending the Court's resolution of this Motion to Stay or further Order of this Court (a) prohibits the noticed depositions from proceeding, including third-party depositions, and (b) relieves Defendants of any obligation to appear for or produce witnesses for deposition during the pendency of the requested stay.

## CONCLUSION

For the foregoing reasons, Defendants, SPIDER HOLE, LLC, SPIKE'S TACTICAL, LLC, and MICHAEL REGISTER, request that the Court enter an Order:

1. STAYING all discovery in this case, including depositions, written discovery responses, third-party discovery, and discovery motion practice, pending the Court's resolution of Defendants' Amended Motion to Dismiss (Doc. No. 12);

2. STAYING all discovery-related deadlines and obligations during the pendency of the stay;

3. On an emergency, interim basis, entering a protective order prohibiting all noticed depositions, including non-party depositions, and relieving Defendants of any obligation to appear for or produce witnesses for deposition while this Motion is pending or until further order.

## LOCAL RULE CV-7(g) CONFERENCE

Pursuant to Local Rule CV-7(g), undersigned counsel conferred with Plaintiffs' counsel on May 22, 2026, in good faith regarding the relief requested in this motion, but the parties were unable to reach agreement.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May 2026, the foregoing was served electronically through the Court's CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Michael E. Long
MICHAEL E. LONG, ESQUIRE
Florida Bar No.:  0309620
**BREWERLONG PLLC**
407 Wekiva Springs Rd Ste 241
Longwood, FL 32779
Email: mlong@brewerlong.com
Secondary Email:
emailserviceonly@brewerlong.com
taylor@brewerlong.com
Telephone: (407) 660-2964
Facsimile: (407) 660-4439
JASON W. SNELL, ESQUIRE
Texas Bar No.: 24013540
**SNELL LAW**
404 W. 13th Street
Austin, Texas 78701
Email: jsnell@snellfirm.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **ABC IP, INC.; LAD, LLC; and LAWRENCE DEMONICO** | **CIVIL ACTION NO.:** 1-25-CV-01626 |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **SPIDER HOLE, LLC; SPIKE'S TACTICAL, LLC; and MICHAEL REGISTER** | |
| **Defendants.** | |

---

### PLAINTIFFS' FIRST SETS OF REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION TO DEFENDANTS

---

TO:   Michael E. Long, BREWERLONG PLLC, 407 Wekiva Springs Rd, Suite 241, Longwood, FL 32779, mlong@brewerlong.com.

TO:   Jason W. Snell, SNELL LAW, 404 W. 13th Street, Austin, Texas 78701, jsnell@snellfirm.com.

Pursuant to FEDERAL RULES OF CIVIL PROCEDURE 34 and 36, Plaintiffs ABC IP, Inc., LAD, LLC, and Lawrence DeMonico (collectively, "Plaintiffs") hereby serve the following First Set of Requests for Production (the "First Set of Requests for Production") and First Set of Requests for Admission (the "First Set of Requests for Admission") (collectively, the "Requests") to Defendants Spider Hole, LLC, Spike's Tactical, LLC, and Michael Register (collectively, "Defendants"). These Requests are governed by the definitions and instructions to follow.

Dated: April 20, 2026

Respectfully submitted,

By:  /s/ Jared A. Greathouse
     Jared A. Greathouse
     Texas State Bar No. 24077284
     Marisol J. Sobek
     Texas State Bar No. 24134080
     **MUNSCH HARDT KOPF &
     HARR, P.C.**
     1717 West 6th Street, Suite 250
     Austin, Texas 78703
     Telephone: 512.391.6100
     Facsimile: 512.391.6149
     Email: jgreathouse@munsch.com
     Email: rrhodes@munsch.com

**ATTORNEYS FOR PLAINTIFFS ABC IP, INC, LAD, LLC, AND LAWRENCE DEMONICO**

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, a true and correct copy of the foregoing document was served on all counsel of record via electronic mail pursuant to the Federal Rules of Civil Procedure.

    /s/ Jared A. Greathouse

## I.    INSTRUCTIONS

A.    When answering these Requests, You are requested to refer to these instructions and definitions.

B.    These Requests include Requests for Production. You are hereby requested to produce all documents and things described in the following Requests which are in Your possession, custody or control, including documents and things in the possession, custody, or control of Your attorneys or investigators or other agents of Your attorneys. You shall produce documents either as kept in the usual course of business or shall organize and label the production to correspond to the number of each Request to which a produced document is responsive. You shall produce all information or data existing in electronic or magnetic form in its native electronic format. You shall produce all emails and their corresponding attachments in native format. Defendant specifically requests that You produce all metadata along with the documents, information, and data produced. The requested written responses and documents are to be provided at the offices of the undersigned counsel for Plaintiffs, Jared A. Greathouse and Marisol J. Sobek of MUNSCH HARDT KOPF & HARR, P.C., within 30 days.

C.    These Requests include Requests for Admissions. These Requests for Admissions are to be answered separately, in writing, and in accordance with all applicable rules and procedures. Your answers should be provided at the offices of the undersigned counsel for Plaintiffs, Jared A. Greathouse and Marisol J. Sobek of MUNSCH HARDT KOPF & HARR, P.C., within 30 days.

D.    Produce all emails and their corresponding attachments in native format.

E.    All information responsive to these Requests which is within Your knowledge, possession or control or within the knowledge, possession or control of Your attorneys, agents, or other representatives, as well as information You can obtain upon reasonable inquiry is to be divulged. If there is a request for all information on a given subject and You do not know all information, provide such information to the extent of Your knowledge.

F.    All responses must be made separately and fully. An incomplete or evasive response will be considered a failure to answer. You must construe each of these Requests as follows:

(1)    the singular includes the plural, and the plural includes the singular;

(2)    the masculine, feminine, or neuter pronoun includes all other genders;

(3)    the conjunctions "and" and "or" should be read either disjunctively or conjunctively to bring within the scope of the Request all documents or information that might otherwise be construed to be outside its scope;

(4)    the words "each" includes "every," and vice versa.

(5)    the words "any" and "all" shall include each and every; and

(6)    the use of any tense of any verb shall include within its meaning all other tenses of the verb so used.

G.    Each of these Requests should be construed independently and not by reference to any other Request for purposes of limitation, unless the Request specifically refers to another Request.

H.    The FEDERAL RULES OF CIVIL PROCEDURE require You to supplement and amend Your responses if You obtain information and as a consequence: (1) You know that a response to these Requests was incorrect or incomplete when made, or (2) You know that a response, though correct and complete when made, is no longer true and complete.

I.    If a claim of privilege is asserted as to any information requested in any of these Requests, the information and/or document and asserted privilege should be completely described, including the following information:

(1)    the nature of the privilege claimed;

(2)    the identity and position of the person(s) supplying the information on which the document is based;

(3)    the approximate date on which the document was prepared, its title, its addressee(s) and the type of document (e.g., letter, memorandum, etc.);

(4)    the name of each person (other than the stenographic or clerical assistants) participating in the preparation of the document;

(5)    the name and position of each person to whom the contents of the document have been communicated by copy, exhibition, reading, or substantial summarization; and

(6)    a brief description or summary of the contents of the document sufficient to explain the privilege involved.

Further, but in no event later than fifteen (15) days after the above, identify the information and material withheld as follows:

(1)    without revealing the privileged information itself or otherwise waiving the privilege, describe the information or materials in such a way as to enable other parties to assess the applicability of the privilege asserted; and

(2)    assert a specific privilege for each item or group of items withheld.

J.    If applicable, a description of all conversations for which such privilege is claimed

shall include:

      (1)    the date of the conversation;

      (2)    a brief statement describing the general topic of the conversation;

      (3)    the persons participating in the conversation; and

      (4)    the identity of all persons to whom any portions of the contents of the conversation have been disclosed.

      K.    As required by the FEDERAL RULES OF CIVIL PROCEDURE, Your failure to respond to these Requests within the time required, or failure to supplement Your responses may result in entry of sanctions against You, which could include, but are not limited to, the assessment of attorney's fees against You, entry of judgment against You, or other sanctions of the Court.

      L.    Unless otherwise stated, the "relevant time period" for these Requests for Production and Requests for Admission is from January 1, 2022, through the present.

## II.   DEFINITIONS

A.   "ABC" refers to ABC IP, LLC, including its managers, members, and agents.

B.   "And" and "or" should be interpreted inclusively as "and/or."

C.   "Angela Register" refers to Angela Register, former wife of Michael Register, individually and in any capacity in which she acted on behalf of or in connection with Spike's Tactical, LLC or any other entity.

D.   "Capital Call" refers to the capital call in the amount of $4,000,000.00 voted upon by the managers of ABC on or about March 20, 2025, to be paid by Spider Hole on or before March 31, 2025.

E.   "Communication" or "communications" refers to any contact, act, or means by which any information or knowledge is transmitted, conveyed, disclosed, transferred, or exchanged between two or more persons, whether in person, by telephone, voice mail, face-to-face meeting, video conference, email, text message, instant message, direct message, social media post, letter, memorandum, facsimile, electronic file transfer, mail, or by any other document or means. A communication between parties identified in one of these Requests and additional parties not identified in that one of these Requests is still responsive and should be included.

F.   "Document" or "documents" refers to all writings of every kind, source, and authorship, both originals and all non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, in Your possession, custody, or control, or known by You to exist, including handwritten, typewritten, printed, photocopied, photographic, or recorded matter. The term includes communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in or accessible through computer or other information storage or retrieval systems. For purposes of illustration and not limitation, the term includes: agreements, analyses, bulletins, calendars, charts, contracts, correspondence, diaries, drafts, emails, graphs, instant messages, inter-office and intra-office communications, invoices, ledgers, letters, logs, memoranda, microfiche, microfilm, minutes, notes, notations of any sort regarding conversations, telephone calls, meetings or other communications, offers, pamphlets, photographs, printed matter, computer printouts, prospectuses, receipts, reports, returns, social media posts and messages, spreadsheets, statistics, statements, studies, summaries, telegrams, teletypes, telefaxes, text messages, videotape, recordings, motion pictures, worksheets, and each and every draft, alteration, modification, change, or amendment of any kind of the foregoing, as well as all other electronic, magnetic, mechanical, or electric records or representations of any kind, and all other tangible things containing information.

G.   "Identify" and "Identity" when used with respect to an activity means to provide:

(1)   a description of each action, occurrence, transaction, statement, communication or conduct constituting the activity;

(2)   the date it occurred;

      (3)     the location at which it occurred;

      (4)     the identity of all persons and entities involved; and

      (5)     the identity of each document relating to the activity.

    H.    "Identify" and "Identity" when used with respect to a document means to either state the number range used in marking the document for production or to state:

      (1)     its date;

      (2)     its authors(s) and signatory(ies);

      (3)     its addressee(s) and recipient(s);

      (4)     its title or heading;

      (5)     the type of document;

      (6)     its custodian;

      (7)     its present or last known location; and

      (8)     a description of its subject matter and contents.

    I.    "Identify" and "Identity" when used with respect to an entity other than a natural person means to state:

      (1)     the full name of the organization or entity;

      (2)     the place and date of incorporation of the organization or entity;

      (3)     the address of the principal place of business of the organization or entity;

      (4)     the current or last known telephone number of the organization or entity; and

      (5)     the identity of persons representing or employed by the company who have knowledge of the matters related to this lawsuit.

    J.    "Identify" and "Identity" when used with respect to a natural person, means to state:

      (1)     the full name of the individual;

      (2)     the current or last known home address of the individual;

      (3)     the current or last known telephone number of the individual; and

(4)     the current or last known email address of the individual.

K.     "Including" means "including but not limited to."

L.     "Operating Agreement" refers to the Operating Agreement of ABC IP, LLC, dated on or about September 17, 2024, including all exhibits, schedules, amendments, and attachments thereto.

M.     "Person" or "persons" refers to any natural person, firm, partnership, association, joint venture, corporation, limited liability company, governmental entity or subdivision thereof, quasi-governmental entity, and any other form of entity, business organization or arrangement, or institution, whether formed for business purposes or any other purpose.

N.     "Plaintiffs" refers to ABC IP, Inc., LAD, LLC, and Lawrence DeMonico, individually and collectively, as well as their members, managers, officers, employees, agents, representatives, predecessors, and successors-in-interest.

O.     "Possession," "custody," and "control" mean within Your possession, custody, and control, including constructive possession, such that You or Your attorneys, agents, and representatives, whether natural persons or legal entities, have a superior right to compel production from any third party (including natural persons, business entities, legal entities, and governmental authorities) having physical possession of the item.

P.     "Regarding," "relating to," "relates to," "concerning," and/or "concern" are to be used in their broadest sense and shall mean and include, without limitation, referring to, reflecting, consisting of, constituting, mentioning, arising from, discussing, describing, showing, evidencing, analyzing, memorializing, setting forth, supporting, negating, or in any way pertaining to.

Q.     "Register" refers to Defendant Michael Register, individually and in any capacity in which he acted on behalf of or in connection with Spider Hole, LLC, Spike's Tactical, LLC, or any other entity.

R.     "Spider Hole" refers to Defendant Spider Hole, LLC, as well as its members, managers, officers, employees, agents, representatives, predecessors, and successors-in-interest.

S.     "Spike's Tactical" refers to Defendant Spike's Tactical, LLC, as well as its members, managers, officers, employees, agents, representatives, predecessors, and successors-in-interest.

T.     "WOT Triggers" refers to the approximately 942 WOT Triggers sent by ABC to Spider Hole in or around October 2022, or any subset thereof, including any triggers sold, retained, disposed of, or otherwise transferred by any Defendant.

U.     "Writing" means any and all handwritten material, typewritten material, printed material, photocopies, photographs, e-mails, electronic documents and every other means of recording upon any tangible thing, together with any form of communication or any other

representation which would constitute a writing within the meaning of the pertinent section of the Evidence Code.

V.    "<u>You</u>," "<u>Your</u>," or "<u>Defendants</u>" refers to Defendants Spider Hole, LLC, Spike's Tactical, LLC, and Michael Register, individually and collectively, as well as their members, managers, officers, employees, agents, representatives, predecessors, and successors-in-interest.

### III.    PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce a complete, executed copy of the Operating Agreement, including all exhibits, schedules, amendments, addenda, side letters, and any other documents incorporated by reference therein.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents and communications concerning the negotiation, drafting, and execution of the Operating Agreement, including proposals, term sheets, drafts, redlines, and internal memoranda or notes concerning the Operating Agreement's terms.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents and communications concerning any capital contribution, capital call, or request for funding made to or by Spider Hole in connection with ABC, including any notices, demands, correspondence, financial statements, bank records, and internal discussions regarding the same.

**REQUEST FOR PRODUCTION NO. 4:** Produce all bank account statements, financial records, and accounting records for Spider Hole from the date of its formation to the present, including but not limited to checking account statements, savings account statements, investment account statements, general ledgers, journals, balance sheets, income statements, and tax returns.

**REQUEST FOR PRODUCTION NO. 5:** Produce all bank account statements, financial records, and accounting records for Spike's Tactical from January 2022 to the present, including but not limited to checking account statements, savings account statements, investment account statements, general ledgers, journals, balance sheets, income statements, and tax returns.

**REQUEST FOR PRODUCTION NO. 6:** Produce all personal bank account statements and financial records for Register from January 2022 to the present reflecting any deposits, transfers, or payments received from or related to Spider Hole, Spike's Tactical, or ABC, or from the sale of WOT Triggers.

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents reflecting, evidencing, or relating to any distribution or payment of any kind from ABC to Spider Hole, Spike's Tactical, or Register, including distribution notices, checks, wire transfer confirmations, ACH records, and accounting entries.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents reflecting, evidencing, or relating to the WOT Triggers, including inventory records, shipping and receiving records, chain of custody documentation, storage records, photographs, and any communications concerning the WOT Triggers.

**REQUEST FOR PRODUCTION NO. 9:** Produce all documents reflecting, evidencing, or relating to any sale, transfer, or disposition of WOT Triggers by any Defendant from January 2023 to the present, including sales receipts, invoices, purchase orders, records of sale, transaction records, and any communications with purchasers or recipients.

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents reflecting, evidencing, or relating to

any gun show or similar event at which any Defendant sold, displayed, or offered for sale WOT Triggers or any other products belonging to ABC, including event registrations, vendor applications, booth assignments, sales records, and receipts.

**REQUEST FOR PRODUCTION NO. 11:** Produce all communications between Register and Lawrence DeMonico from October 2022 to the present, including emails, text messages, instant messages, letters, and any notes or memoranda of telephone conversations.

**REQUEST FOR PRODUCTION NO. 12:** Produce all communications between or among any Defendants and any member, manager, officer, employee, or agent of ABC from October 2022 to the present, including emails, text messages, instant messages, letters, and any notes or memoranda of telephone conversations.

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents and communications 'from January 2022 to the present concerning ABC, the Operating Agreement, the WOT Triggers, capital contributions, or any of the claims or defenses in this lawsuit.

**REQUEST FOR PRODUCTION NO. 14:** Produce all documents reflecting, evidencing, or relating to the formation, organization, and governance of Spider Hole, including articles of organization, operating agreements, amendments, certificates of formation, annual reports, certificates of good standing, and any filings with any state secretary of state or equivalent agency.

**REQUEST FOR PRODUCTION NO. 15:** Produce all documents reflecting, evidencing, or relating to the formation, organization, and governance of Spike's Tactical, including articles of organization, operating agreements, amendments, certificates of formation, annual reports, membership certificates, and any filings with any state secretary of state or equivalent agency.

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents reflecting, evidencing, or relating to the administrative dissolution of Spider Hole by the State of Florida on or about September 27, 2024, and its subsequent reinstatement on or about April 9, 2025, including any notices, filings, correspondence with the State of Florida, and any documents reflecting efforts to reinstate the entity.

**REQUEST FOR PRODUCTION NO. 17:** Produce all documents reflecting, evidencing, or relating to any meeting, vote, or action taken by the members or managers of ABC, including meeting notices, agendas, minutes, resolutions, consents, and any communications regarding such meetings or actions.

**REQUEST FOR PRODUCTION NO. 18:** Produce all documents reflecting, evidencing, or relating to the federal court temporary restraining order and subsequent injunction issued on or about January 25, 2023, prohibiting the sale of FRT-15 triggers, WOT triggers, forced reset triggers, and similar devices, including copies of the orders, any notices received by Defendants regarding the orders, and all communications concerning the orders.

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents reflecting, evidencing, or relating to any representations or promises made by Register to any person concerning his or Spider Hole's

PLAINTIFFS' FIRST SETS OF REQUESTS FOR PRODUCTION                    PAGE **11** OF **15**
AND REQUESTS FOR ADMISSION TO DEFENDANTS

financial capacity, ability, willingness, or intention to provide capital or funding to ABC.

**REQUEST FOR PRODUCTION NO. 20:** Produce all documents reflecting, evidencing, or relating to Register's personal assets, including records of real property purchases, boat purchases, vehicle purchases, and any other acquisitions of property or luxury items valued in excess of $10,000 from January 2024 to the present, including deeds, titles, bills of sale, financing documents, and payment records.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents reflecting, evidencing, or relating to any transfer of funds, property, or assets between Register and Spider Hole from the date of Spider Hole's formation to the present.

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents reflecting, evidencing, or relating to any transfer of funds, property, or assets between Register and Spike's Tactical from January 2022 to the present.

**REQUEST FOR PRODUCTION NO. 23:** Produce all documents reflecting, evidencing, or relating to any transfer of funds, property, or assets between Spider Hole and Spike's Tactical from January 2022 to the present.

**REQUEST FOR PRODUCTION NO. 24:** Produce all tax returns filed by Spider Hole, including all schedules, attachments, and K-1 forms, from the date of its formation to the present.

**REQUEST FOR PRODUCTION NO. 25:** Produce all tax returns filed by Spike's Tactical, including all schedules, attachments, and K-1 forms, from January 2022 to the present.

**REQUEST FOR PRODUCTION NO. 26:** Produce all documents reflecting, evidencing, or relating to any notice of breach, notice of default, or demand for cure sent to or received by Spider Hole in connection with the Operating Agreement, including the notice of failure to participate in management dated January 29, 2025, the notice of breach dated April 1, 2025, and any related correspondence.

**REQUEST FOR PRODUCTION NO. 27:** Produce all documents reflecting, evidencing, or relating to the removal of Spider Hole as a member of ABC, including any meeting notices, votes, resolutions, and correspondence concerning the removal.

**REQUEST FOR PRODUCTION NO. 28:** Produce all documents reflecting, evidencing, or relating to Spike's Tactical's business operations in the State of Texas from January 2022 to the present, including sales records, dealer agreements, distribution agreements, customer lists, invoices, and shipping records reflecting sales to or business conducted with Texas-based entities or individuals.

**REQUEST FOR PRODUCTION NO. 29:** Produce all documents reflecting, evidencing, or relating to any intellectual property owned, licensed, or controlled by ABC, including patents, patent applications, trademark registrations, and any licensing or royalty agreements, together with all documents concerning the enforcement or non-enforcement of such intellectual property rights.

**REQUEST FOR PRODUCTION NO. 30:** Produce all documents reflecting, evidencing, or relating to any demand by ABC or its successor for the return of the WOT Triggers.

**REQUEST FOR PRODUCTION NO. 31:** Produce all documents reflecting, evidencing, or relating to any acknowledgment by Register of his possession of WOT Triggers belonging to ABC.

**REQUEST FOR PRODUCTION NO. 32:** Produce all documents reflecting, evidencing, or relating to any agreement, understanding, or arrangement between Register and any third party concerning the sale, distribution, or disposition of WOT Triggers.

**REQUEST FOR PRODUCTION NO. 33:** Produce all documents concerning the organizational structure, ownership, and relationship between Spider Hole and Spike's Tactical, including any shared management, shared employees, shared office space, shared bank accounts, shared equipment, or any intercompany agreements.

**REQUEST FOR PRODUCTION NO. 34:** Produce all documents reflecting any statements made by Register to any third party concerning the WOT Triggers, the injunction, or the risk to Plaintiffs from the sale of WOT Triggers, including any statement to the effect of "Well that's their problem, I need a new boat" or words of similar import.

**REQUEST FOR PRODUCTION NO. 35:** Produce all documents reflecting, evidencing, or relating to communications between any Defendant and Angela Register concerning Spider Hole, Spike's Tactical, ABC, the WOT Triggers, or any of the claims or defenses in this lawsuit.

**REQUEST FOR PRODUCTION NO. 36:** Produce all documents reflecting, evidencing, or relating to any efforts by Defendants to comply with the provisions of the Operating Agreement, including any records of participation in the management, operations, or business activities of ABC.

**REQUEST FOR PRODUCTION NO. 37:** Produce all documents reflecting, evidencing, or relating to any authorization, consent, or approval from ABC or any of its members or managers for Spider Hole, Spike's Tactical, or Register to sell, transfer, or otherwise dispose of the WOT Triggers.

**REQUEST FOR PRODUCTION NO. 38:** Produce all documents reflecting, evidencing, or relating to any communications between any Defendant and any federal, state, or local governmental agency concerning the WOT Triggers, forced reset triggers, or similar devices, including any communications with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), any state firearms regulatory agency, or any law enforcement agency, from January 2022 to the present.

**REQUEST FOR PRODUCTION NO. 39:** Produce all documents reflecting, evidencing, or relating to Defendants' knowledge or awareness of ABC's need for capital contributions, including any communications, analyses, memoranda, or internal discussions concerning the purpose of the Capital Call, the intended use of the capital contributions, ABC's patent portfolio, ABC's patent enforcement strategy, or the anticipated consequences of failing to fund the Capital Call.

**REQUEST FOR PRODUCTION NO. 40:** Produce all social media posts, photographs, videos, or other content posted by Register, Spider Hole, or Spike's Tactical on any social media platform—

including but not limited to Facebook, Instagram, X (formerly Twitter), TikTok, YouTube, and LinkedIn—from January 2022 to the present that depict, reference, or relate to real property, boats, vehicles, luxury items, firearms, WOT Triggers, gun shows, or the business operations of Spider Hole, Spike's Tactical, or ABC.

**REQUEST FOR PRODUCTION NO. 41:** Produce all non-privileged documents reflecting, evidencing, or relating to any document retention policy, litigation hold notice, or preservation directive issued by or on behalf of any Defendant in connection with this lawsuit or the prior lawsuit captioned ABC IP, LLC et al. v. Spider Hole, LLC et al., Cause No. 1:25-cv-00864 (W.D. Tex.), including any communications concerning the preservation or destruction of documents, electronically stored information, or tangible things relevant to this action.

**REQUEST FOR PRODUCTION NO. 42:** Produce all documents reflecting, evidencing, or relating to any distributions received by Register from Spider Hole, Spike's Tactical, or any other entity in which Register holds an ownership interest, from January 2022 to the present, including distribution ledgers, K-1 schedules, wire transfer confirmations, checks, and accounting records, and specifically including all documents reflecting the $6,639,500.20 in distributions referenced in the Complaint.

**REQUEST FOR PRODUCTION NO. 43:** Produce all documents reflecting, evidencing, or relating to any payment, contribution, loan, or transfer of funds made by Register, Spider Hole, Spike's Tactical, or any entity owned or controlled by Register to any legal defense fund, litigation fund, bond fund, or similar fund established to assist, support, or benefit any party with whom ABC IP, LLC or any of its members, managers, or affiliates is currently or was previously in litigation, including records of any payments toward any bond, surety, or security posted in connection with any such litigation, and any documents reflecting whether such payments were recorded as capital contributions, loans, or otherwise.

**REQUEST FOR PRODUCTION NO. 44:** Produce all communications between Register, Spider Hole, Spike's Tactical, or any entity owned or controlled by Register and any party with whom ABC IP, LLC or any of its members is or was in litigation concerning any financial support, legal defense funding, bond or surety payments, or any other form of financial assistance.

**REQUEST FOR PRODUCTION NO. 45:** Produce all documents You intend to use or may use to support any claim or defense in this action, including any documents You intend to introduce as exhibits at trial.

## IV.    PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that the Operating Agreement is a valid and enforceable contract.

**REQUEST FOR ADMISSION NO. 2:** Admit that under the Operating Agreement, Spider Hole was the only member responsible for providing additional capital contributions to ABC as deemed necessary by the Managers.

**REQUEST FOR ADMISSION NO. 3:** Admit that Spider Hole failed to pay the Capital Call on or before the March 31, 2025 deadline.

**REQUEST FOR ADMISSION NO. 4:** Admit that the WOT Triggers are the property of ABC.

**REQUEST FOR ADMISSION NO. 5:** Admit that ABC sent the WOT Triggers to Spider Hole in or around October 2022.

**REQUEST FOR ADMISSION NO. 6:** Admit that Spider Hole has not returned the remaining WOT Triggers to ABC or its successor in interest despite ABC's demand for their return on April 16, 2025.

**REQUEST FOR ADMISSION NO. 7:** Admit that on or about December 7, 2024, the WOT Triggers belonging to ABC were sold through Spike's Tactical at a gun show, and the proceeds of those sales were not remitted to ABC.

**REQUEST FOR ADMISSION NO. 8:** Admit that neither Register nor Spider Hole has made any capital contribution to ABC.

**REQUEST FOR ADMISSION NO. 9:** Admit that Register, Spider Hole, and/or Spike's Tactical made one or more payments to a legal fund or litigation fund to assist or benefit any party with whom ABC or ABC IP, Inc. is currently in litigation.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **ABC IP, INC.; LAD, LLC; and LAWRENCE DEMONICO** | **CIVIL ACTION NO.:** 1-25-CV-01626 |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **SPIDER HOLE, LLC; SPIKE'S TACTICAL, LLC; and MICHAEL REGISTER** | |
| **Defendants.** | |

---

**PLAINTIFF ABC IP, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

---

TO:   Michael E. Long, BREWERLONG PLLC, 407 Wekiva Springs Rd, Suite 241, Longwood, FL 32779, mlong@brewerlong.com.

TO:   Jason W. Snell, SNELL LAW, 404 W. 13th Street, Austin, Texas 78701, jsnell@snellfirm.com.

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 33, Plaintiff ABC IP, Inc. ("Plaintiff") hereby serves the following First Set of Interrogatories (the "First Set of Interrogatories" "Interrogatories") to Defendants Spider Hole, LLC, Spike's Tactical, LLC, and Michael Register (collectively, "Defendants"). These Interrogatories are governed by the definitions and instructions to follow.

Dated: April 20, 2026                     Respectfully submitted,

                                          By:  /s/ Jared A. Greathouse
                                               Jared A. Greathouse
                                               Texas State Bar No. 24077284
                                               Marisol J. Sobek
                                               Texas State Bar No. 24134080
                                               **MUNSCH HARDT KOPF &**
                                               **HARR, P.C.**
                                               1717 West 6th Street, Suite 250
                                               Austin, Texas 78703
                                               Telephone: 512.391.6100
                                               Facsimile: 512.391.6149
                                               Email: jgreathouse@munsch.com
                                               Email: rrhodes@munsch.com

                                          **ATTORNEYS FOR PLAINTIFFS ABC**
                                          **IP, INC, LAD, LLC, AND LAWRENCE**
                                          **DEMONICO**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 20, 2026, a true and correct copy of the foregoing document was served on all counsel of record via electronic mail pursuant to the Federal Rules of Civil Procedure.

                                           /s/ Jared A. Greathouse

# I.    INSTRUCTIONS

A.    When answering these Interrogatories, You are requested to refer to these instructions and definitions.

B.    These Interrogatories are to be answered separately, in writing, and under oath. Your answers should be served upon the undersigned counsel for Plaintiffs, Jared A. Greathouse and Marisol J. Sobek of MUNSCH HARDT KOPF & HARR, P.C., within 30 days.

C.    For any of Your responses refers to or relies upon any document, You shall identify each such document in accordance with the definitions below, including to either state the number range used in marking the document for production or to state its date, author(s) and signatory(ies), addressee(s) and recipient(s), title or heading, type of document, custodian, present or last known location, and a description of its subject matter and contents sufficient to locate and distinguish it.

D.    All information responsive to these Interrogatories which is within Your knowledge, possession or control or within the knowledge, possession or control of Your attorneys, agents, or other representatives, as well as information You can obtain upon reasonable inquiry is to be divulged. If there is a request for all information on a given subject and You do not know all information, provide such information to the extent of Your knowledge.

E.    All responses must be made separately and fully. An incomplete or evasive response will be considered a failure to answer. You must construe each of these Interrogatories as follows:

      (1)    the singular includes the plural, and the plural includes the singular;

      (2)    the masculine, feminine, or neuter pronoun includes all other genders;

      (3)    the conjunctions "and" and "or" should be read either disjunctively or conjunctively to bring within the scope of the Interrogatory all documents or information that might otherwise be construed to be outside its scope;

      (4)    the words "each" includes "every," and vice versa.

      (5)    the words "any" and "all" shall include each and every; and

      (6)    the use of any tense of any verb shall include within its meaning all other tenses of the verb so used.

F.    Each of these Interrogatories should be construed independently and not by reference to any other Interrogatory for purposes of limitation, unless the Interrogatory specifically refers to another Interrogatory.

G.    The FEDERAL RULES OF CIVIL PROCEDURE require You to supplement and amend Your responses if You obtain information and as a consequence: (1) You know that a response to

these Interrogatories was incorrect or incomplete when made, or (2) You know that a response, though correct and complete when made, is no longer true and complete.

H.      If a claim of privilege is asserted as to any information requested in any of these Interrogatories, the information and/or document and asserted privilege should be completely described, including the following information:

  (1) the nature of the privilege claimed;

  (2) the identity and position of the person(s) supplying the information on which the document is based;

  (3) the approximate date on which the document was prepared, its title, its addressee(s) and the type of document (e.g., letter, memorandum, etc.);

  (4) the name of each person (other than the stenographic or clerical assistants) participating in the preparation of the document;

  (5) the name and position of each person to whom the contents of the document have been communicated by copy, exhibition, reading, or substantial summarization; and

  (6) a brief description or summary of the contents of the document sufficient to explain the privilege involved.

Further, but in no event later than fifteen (15) days after the above, identify the information and material withheld as follows:

  (1) without revealing the privileged information itself or otherwise waiving the privilege, describe the information or materials in such a way as to enable other parties to assess the applicability of the privilege asserted; and

  (2) assert a specific privilege for each item or group of items withheld.

I.      If applicable, a description of all conversations for which such privilege is claimed shall include:

  (1) the date of the conversation;

  (2) a brief statement describing the general topic of the conversation;

  (3) the persons participating in the conversation; and

  (4) the identity of all persons to whom any portions of the contents of the conversation have been disclosed.

J.       As required by the FEDERAL RULES OF CIVIL PROCEDURE, Your failure to respond to these Interrogatories within the time required, or failure to supplement Your responses may result in entry of sanctions against You, which could include, but are not limited to, the assessment of attorney's fees against You, entry of judgment against You, or other sanctions of the Court.

K.       Unless otherwise stated, the "relevant time period" for these Interrogatories is from January 1, 2022, through the present.

## II.    DEFINITIONS

A.    "ABC" refers to ABC IP, LLC, including its managers, members, and agents.

B.    "And" and "or" should be interpreted inclusively as "and/or."

C.    "Angela Register" refers to Angela Register, former wife of Michael Register, individually and in any capacity in which she acted on behalf of or in connection with Spider Hole, LLC, Spike's Tactical, LLC, or any other entity.

D.    "Capital Call" refers to the capital call in the amount of $4,000,000.00 voted upon by the managers of ABC on or about March 20, 2025, to be paid by Spider Hole on or before March 31, 2025.

E.    "Communication" or "communications" refers to any contact, act, or means by which any information or knowledge is transmitted, conveyed, disclosed, transferred, or exchanged between two or more persons, whether in person, by telephone, voice mail, face-to-face meeting, video conference, email, text message, instant message, direct message, social media post, letter, memorandum, facsimile, electronic file transfer, mail, or by any other document or means. A communication between parties identified in an Interrogatory and additional parties not identified in that Interrogatory is still responsive and should be included.

F.    "Document" or "documents" refers to all writings of every kind, source, and authorship, both originals and all non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, in Your possession, custody, or control, or known by You to exist, including handwritten, typewritten, printed, photocopied, photographic, or recorded matter. The term includes communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in or accessible through computer or other information storage or retrieval systems. For purposes of illustration and not limitation, the term includes: agreements, analyses, bulletins, calendars, charts, contracts, correspondence, diaries, drafts, emails, graphs, instant messages, inter-office and intra-office communications, invoices, ledgers, letters, logs, memoranda, microfiche, microfilm, minutes, notes, notations of any sort regarding conversations, telephone calls, meetings or other communications, offers, pamphlets, photographs, printed matter, computer printouts, prospectuses, receipts, reports, returns, social media posts and messages, spreadsheets, statistics, statements, studies, summaries, telegrams, teletypes, telefaxes, text messages, videotape, recordings, motion pictures, worksheets, and each and every draft, alteration, modification, change, or amendment of any kind of the foregoing, as well as all other electronic, magnetic, mechanical, or electric records or representations of any kind, and all other tangible things containing information.

G.    "Identify" and "Identity" when used with respect to an activity means to provide:

(1)    a description of each action, occurrence, transaction, statement, communication or conduct constituting the activity;

(2)    the date it occurred;

     (3)    the location at which it occurred;

     (4)    the identity of all persons and entities involved; and

     (5)    the identity of each document relating to the activity.

H.    "Identify" and "Identity" when used with respect to a document means to either state the number range used in marking the document for production or to state:

     (1)    its date;

     (2)    its authors(s) and signatory(ies);

     (3)    its addressee(s) and recipient(s);

     (4)    its title or heading;

     (5)    the type of document;

     (6)    its custodian;

     (7)    its present or last known location; and

     (8)    a description of its subject matter and contents.

I.    "Identify" and "Identity" when used with respect to an entity other than a natural person means to state:

     (1)    the full name of the organization or entity;

     (2)    the place and date of incorporation of the organization or entity;

     (3)    the address of the principal place of business of the organization or entity;

     (4)    the current or last known telephone number of the organization or entity; and

     (5)    the identity of persons representing or employed by the company who have knowledge of the matters related to this lawsuit.

J.    "Identify" and "Identity" when used with respect to a natural person, means to state:

     (1)    the full name of the individual;

     (2)    the current or last known home address of the individual;

     (3)    the current or last known telephone number of the individual; and

(4)    the current or last known email address of the individual.

K.    "<u>Including</u>" means "including but not limited to."

L.    "<u>Operating Agreement</u>" refers to the Operating Agreement of ABC IP, LLC, dated on or about September 17, 2024, including all exhibits, schedules, amendments, and attachments thereto.

M.    "<u>Person</u>" or "<u>persons</u>" refers to any natural person, firm, partnership, association, joint venture, corporation, limited liability company, governmental entity or subdivision thereof, quasi-governmental entity, and any other form of entity, business organization or arrangement, or institution, whether formed for business purposes or any other purpose.

N.    "<u>Plaintiffs</u>" refers to ABC IP, Inc., LAD, LLC, and Lawrence DeMonico, individually and collectively, as well as their members, managers, officers, employees, agents, representatives, predecessors, and successors-in-interest.

O.    "<u>Possession</u>," "<u>custody</u>," and "<u>control</u>" mean within Your possession, custody, and control, including constructive possession, such that You or Your attorneys, agents, and representatives, whether natural persons or legal entities, have a superior right to compel production from any third party (including natural persons, business entities, legal entities, and governmental authorities) having physical possession of the item.

P.    "<u>Regarding</u>," "<u>relating to</u>," "<u>relates to</u>," "<u>concerning</u>," and/or "<u>concern</u>" are to be used in their broadest sense and shall mean and include, without limitation, referring to, reflecting, consisting of, constituting, mentioning, arising from, discussing, describing, showing, evidencing, analyzing, memorializing, setting forth, supporting, negating, or in any way pertaining to.

Q.    "<u>Register</u>" refers to Defendant Michael Register, individually and in any capacity in which he acted on behalf of or in connection with Spider Hole, LLC, Spike's Tactical, LLC, or any other entity.

R.    "<u>Spider Hole</u>" refers to Defendant Spider Hole, LLC, as well as its members, managers, officers, employees, agents, representatives, predecessors, and successors-in-interest.

S.    "<u>Spike's Tactical</u>" refers to Defendant Spike's Tactical, LLC, as well as its members, managers, officers, employees, agents, representatives, predecessors, and successors-in-interest.

T.    "<u>WOT Triggers</u>" refers to the approximately 942 WOT Triggers sent by ABC to Spider Hole in or around October 2022, or any subset thereof, including any triggers sold, retained, disposed of, or otherwise transferred by any Defendant.

U.    "<u>Writing</u>" means any and all handwritten material, typewritten material, printed material, photocopies, photographs, e-mails, electronic documents and every other means of recording upon any tangible thing, together with any form of communication or any other

representation which would constitute a writing within the meaning of the pertinent section of the Evidence Code.

V.    "You," "Your," or "Defendants" refers to Defendants Spider Hole, LLC, Spike's Tactical, LLC, and Michael Register, individually and collectively, as well as their members, managers, officers, employees, agents, representatives, predecessors, and successors-in-interest.

### III.    PLAINTIFF ABC IP, INC.'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail all capital contributions made by Spider Hole to ABC during the relevant time period, including the date, amount, and form of each contribution, and identify all documents reflecting or relating to each such contribution.

**INTERROGATORY NO. 2:** Describe in detail all distributions or payments of any kind received by Spider Hole, Spike's Tactical, or Register from or on behalf of ABC from October 2022 to the present, including the date, amount, form, and recipient of each distribution or payment, and the basis or justification for each.

**INTERROGATORY NO. 3:** State the current location and disposition of all WOT Triggers sent by ABC to Spider Hole during the relevant time period, including how many WOT Triggers are currently in Defendants' possession, how many have been sold, how many have been transferred to any third party, and how many have been lost, destroyed, or otherwise disposed of.

**INTERROGATORY NO. 4:** Describe every sale, transfer, or other disposition of WOT Triggers by any Defendant from January 2023 to the present, including the date, quantity, price per trigger, total proceeds, purchaser or recipient, location of disposition, identity of every person involved in or present for the transaction, and whether and when the proceeds were remitted to ABC.

**INTERROGATORY NO. 5:** Describe in detail all representations made by Register to Lawrence DeMonico or any other member or manager of ABC regarding Register's or Spider Hole's ability, willingness, or intention to fund the operations of ABC, including the date, substance, and manner of each representation.

**INTERROGATORY NO. 6:** At the time Register executed the Operating Agreement on behalf of Spider Hole, describe in detail all financial resources, accounts, or funds that Spider Hole had available or had set aside, earmarked, or reserved for the purpose of making capital contributions to ABC.

**INTERROGATORY NO. 7:** Describe in detail all business activities and operations conducted by Spider Hole from the date of its formation to the present, including the nature of each activity, the revenue generated, and whether any business activity was conducted on behalf of or for the benefit of Register, Spike's Tactical, or any other person or entity.

**INTERROGATORY NO. 8:** Identify all assets, real property, and personal property owned, acquired, or held by Register, Spider Hole, and Spike's Tactical from January 2024 to the present with a value in excess of $10,000, including the date of acquisition, the purchase price, the source of funds used for such acquisition, and the current status of each asset.

**INTERROGATORY NO. 9:** Describe in detail the relationship between Spider Hole and Spike's Tactical, including any shared offices, employees, bank accounts, assets, management, or operations, and describe how funds, property, or assets have been transferred between these entities and Register from January 2022 to the present.

**INTERROGATORY NO. 10:** Describe Defendants' knowledge of and response to the federal court temporary restraining order and injunction issued on or about January 25, 2023, prohibiting the sale of WOT Triggers and similar devices, including when each Defendant first learned of the injunction, what steps each Defendant took to comply, and whether any Defendant sold or transferred WOT Triggers after learning of the injunction.

**INTERROGATORY NO. 11:** Describe in detail Spider Hole's participation in the management, operations, and business activities of ABC during the relevant time period, including identifying every action taken by Spider Hole or Register in his capacity as a member or agent of ABC.

**INTERROGATORY NO. 12:** State each and every affirmative defense or other defense You intend to assert in this action, and for each such defense, describe the factual basis supporting it and identify all documents and witnesses You intend to rely on in support thereof.

**INTERROGATORY NO. 13:** Describe the business relationship between Spike's Tactical and ABC, including all transactions, sales, or other business dealings between these entities, and identify all agreements or understandings governing such relationship.

**INTERROGATORY NO. 14:** Identify and describe in detail all payments made by Register, Spider Hole, Spike's Tactical, or any entity owned or controlled by Register to any legal fund, litigation fund, bond, or similar financial obligation to assist or benefit any party with whom ABC or ABC IP, Inc. is currently in litigation, including the date, amount, source of funds, recipient, and purpose of each such payment.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **ABC IP, INC.; LAD, LLC; and LAWRENCE DEMONICO** | **CIVIL ACTION NO.:** 1-25-CV-01626 |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **SPIDER HOLE, LLC; SPIKE'S TACTICAL, LLC; and MICHAEL REGISTER** | |
| **Defendants.** | |

---

**PLAINTIFFS' NOTICE OF DEPOSITION**
**OF ANGELA REGISTER**

---

TO:    Michael E. Long, BREWERLONG PLLC, 407 Wekiva Springs Rd, Suite 241, Longwood, FL 32779, mlong@brewerlong.com.

TO:    Jason W. Snell, SNELL LAW, 404 W. 13th Street, Austin, Texas 78701, jsnell@snellfirm.com.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30, Plaintiffs ABC IP, Inc., LAD, LLC, and Lawrence DeMonico (collectively, "Plaintiffs"), by and through counsel, shall take the deposition upon oral examination of Angela Register (the "Deponent") in connection with the above-referenced and numbered adversary proceeding as follows:

| | |
|---|---|
| Deponent: | Angela Register |
| Deponent's Address: | 2261 Poinsettia Dr, Longwood, FL 32779 |
| Subject: | Factual background of the matters at issue in the above-referenced adversary proceeding. |
| Date/Time: | June 3, 2026, commencing at 9:00 a.m., and continuing from day to day thereafter, excluding holidays and weekends, until completed. |

---

NOTICE OF DEPOSITION OF ANGELA REGISTER                                        PAGE **1** OF **2**

Place:              Veritext Legal Solutions
                    800 N Magnolia Ave
                    #400
                    Orlando, FL 32803

Method:             By audio, videographic, and stenographic means conducted before a
                    person authorized to administer oaths and who is otherwise qualified
                    pursuant to Federal Rule of Civil Procedure 30.

The Deponent's deposition, when so taken and returned according to law, may be used by

Plaintiffs as evidence upon the trial of the above-styled and -numbered cause. You may be present

at such time to attend and cross-examine said witness as you may see proper.

Dated: April 30, 2026                               Respectfully submitted,

                                                    By:   */s/ Jared A. Greathouse*
                                                          Jared A. Greathouse
                                                          Texas State Bar No. 24077284
                                                          Marisol J. Sobek
                                                          Texas State Bar No. 24134080
                                                          **MUNSCH HARDT KOPF &
                                                          HARR, P.C.**
                                                          1717 West 6th Street, Suite 250
                                                          Austin, Texas 78703
                                                          Telephone: 512.391.6100
                                                          Facsimile: 512.391.6149
                                                          Email: jgreathouse@munsch.com
                                                          Email: msobek@munsch.com

                                                    **ATTORNEYS FOR PLAINTIFFS ABC
                                                    IP, INC, LAD, LLC, AND LAWRENCE
                                                    DEMONICO**


**CERTIFICATE OF SERVICE**

     I hereby certify that on April 30, 2026, a true and correct copy of the foregoing document
was served on all counsel of record via electronic mail pursuant to the Federal Rules of Civil
Procedure.

                                                     */s/ Jared A. Greathouse*
                                                    Jared A. Greathouse

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **ABC IP, INC.; LAD, LLC; and LAWRENCE DEMONICO** | **CIVIL ACTION NO.:** 1-25-CV-01626 |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **SPIDER HOLE, LLC; SPIKE'S TACTICAL, LLC; and MICHAEL REGISTER** | |
| **Defendants.** | |

---

**PLAINTIFFS' NOTICE OF DEPOSITION**
**OF MICHAEL REGISTER**

---

TO:   Michael E. Long, BREWERLONG PLLC, 407 Wekiva Springs Rd, Suite 241, Longwood, FL 32779, mlong@brewerlong.com.

TO:   Jason W. Snell, SNELL LAW, 404 W. 13th Street, Austin, Texas 78701, jsnell@snellfirm.com.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30, Plaintiffs ABC IP, Inc., LAD, LLC, and Lawrence DeMonico (collectively, "Plaintiffs"), by and through counsel, shall take the deposition upon oral examination of Michael Register (the "Deponent") in connection with the above-referenced and numbered adversary proceeding as follows:

| | |
|---|---|
| Deponent: | Michael Register |
| Deponent's Address: | 110 Oakwood Dr, Maitland, FL 32751 |
| Subject: | Factual background of the matters at issue in the above-referenced adversary proceeding. |
| Date/Time: | June 4, 2026, commencing at 9:00 a.m., and continuing from day to day thereafter, excluding holidays and weekends, until completed. |

NOTICE OF DEPOSITION OF MICHAEL REGISTER                                    PAGE **1** OF **2**

Place:                   Veritext Legal Solutions
                         800 N Magnolia Ave
                         #400
                         Orlando, FL 32803

Method:                  By audio, videographic, and stenographic means conducted before
                         a person authorized to administer oaths and who is otherwise
                         qualified pursuant to Federal Rule of Civil Procedure 30.

The Deponent's deposition, when so taken and returned according to law, may be used by

Plaintiffs as evidence upon the trial of the above-styled and -numbered cause. You may be present

at such time to attend and cross-examine said witness as you may see proper.

Dated: April 30, 2026                              Respectfully submitted,

                                                   By:   _/s/ Jared A. Greathouse_
                                                         Jared A. Greathouse
                                                         Texas State Bar No. 24077284
                                                         Marisol J. Sobek
                                                         Texas State Bar No. 24134080
                                                         **MUNSCH HARDT KOPF &
                                                         HARR, P.C.**
                                                         1717 West 6th Street, Suite 250
                                                         Austin, Texas 78703
                                                         Telephone: 512.391.6100
                                                         Facsimile: 512.391.6149
                                                         Email: jgreathouse@munsch.com
                                                         Email: msobek@munsch.com

                                                         **ATTORNEYS FOR PLAINTIFFS ABC
                                                         IP, INC, LAD, LLC, AND LAWRENCE
                                                         DEMONICO**

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, a true and correct copy of the foregoing document
was served on all counsel of record via electronic mail pursuant to the Federal Rules of Civil
Procedure.

                                                   _/s/ Jared A. Greathouse_
                                                   Jared A. Greathouse

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **ABC IP, INC.; LAD, LLC; and LAWRENCE DEMONICO** | **CIVIL ACTION NO.:** 1-25-CV-01626 |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **SPIDER HOLE, LLC; SPIKE'S TACTICAL, LLC; and MICHAEL REGISTER** | |
| **Defendants.** | |

---

### PLAINTIFFS' NOTICE OF DEPOSITION
### OF AMY REGISTER

---

TO:    Michael E. Long, BREWERLONG PLLC, 407 Wekiva Springs Rd, Suite 241, Longwood, FL 32779, mlong@brewerlong.com.

TO:    Jason W. Snell, SNELL LAW, 404 W. 13th Street, Austin, Texas 78701, jsnell@snellfirm.com.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30, Plaintiffs ABC IP, Inc., LAD, LLC, and Lawrence DeMonico (collectively, "Plaintiffs"), by and through counsel, shall take the deposition upon oral examination of Amy Register (the "Deponent") in connection with the above-referenced and numbered adversary proceeding as follows:

| | |
|---|---|
| Deponent: | Amy Register |
| Deponent's Address: | 110 Oakwood Dr, Maitland, FL 32751 |
| Subject: | Factual background of the matters at issue in the above-referenced adversary proceeding. |
| Date/Time: | June 4, 2026, commencing at 1:00 p.m., and continuing from day to day thereafter, excluding holidays and weekends, until completed. |

NOTICE OF DEPOSITION OF AMY REGISTER

Place:                Veritext Legal Solutions
                      800 N Magnolia Ave
                      #400
                      Orlando, FL 32803

Method:               By audio, videographic, and stenographic means conducted before a
                      person authorized to administer oaths and who is otherwise qualified
                      pursuant to Federal Rule of Civil Procedure 30.

The Deponent's deposition, when so taken and returned according to law, may be used by

Plaintiffs as evidence upon the trial of the above-styled and -numbered cause. You may be present

at such time to attend and cross-examine said witness as you may see proper.

Dated: April 30, 2026                          Respectfully submitted,

                                               By:   */s/ Jared A. Greathouse*
                                                     Jared A. Greathouse
                                                     Texas State Bar No. 24077284
                                                     Marisol J. Sobek
                                                     Texas State Bar No. 24134080
                                                     **MUNSCH HARDT KOPF &
                                                     HARR, P.C.**
                                                     1717 West 6th Street, Suite 250
                                                     Austin, Texas 78703
                                                     Telephone: 512.391.6100
                                                     Facsimile: 512.391.6149
                                                     Email: jgreathouse@munsch.com
                                                     Email: msobek@munsch.com

                                               **ATTORNEYS FOR PLAINTIFFS ABC
                                               IP, INC, LAD, LLC, AND LAWRENCE
                                               DEMONICO**

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, a true and correct copy of the foregoing document
was served on all counsel of record via electronic mail pursuant to the Federal Rules of Civil
Procedure.

                                                */s/ Jared A. Greathouse*
                                               Jared A. Greathouse

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **ABC IP, INC.; LAD, LLC; and LAWRENCE DEMONICO** | **CIVIL ACTION NO.:** 1-25-CV-01626 |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **SPIDER HOLE, LLC; SPIKE'S TACTICAL, LLC; and MICHAEL REGISTER** | |
| **Defendants.** | |

---

**PLAINTIFFS' NOTICE OF DEPOSITION**
**OF JOHN DOWHY**

---

TO:     Michael E. Long, BREWERLONG PLLC, 407 Wekiva Springs Rd, Suite 241, Longwood, FL 32779, mlong@brewerlong.com.

TO:     Jason W. Snell, SNELL LAW, 404 W. 13th Street, Austin, Texas 78701, jsnell@snellfirm.com.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30, Plaintiffs ABC IP, Inc., LAD, LLC, and Lawrence DeMonico (collectively, "Plaintiffs"), by and through counsel, shall take the deposition upon oral examination of John Dowhy (the "Deponent") in connection with the above-referenced and numbered adversary proceeding as follows:

| | |
|---|---|
| Deponent: | John Dowhy |
| Deponent's Address: | 41 Alicante Rd, Debary, FL 32713 |
| Subject: | Factual background of the matters at issue in the above-referenced adversary proceeding. |
| Date/Time: | June 5, 2026, commencing at 9:00 a.m., and continuing from day to day thereafter, excluding holidays and weekends, until completed. |

Place:    Veritext Legal Solutions
          800 N Magnolia Ave
          #400
          Orlando, FL 32803

Method:   By audio, videographic, and stenographic means conducted before
          a person authorized to administer oaths and who is otherwise
          qualified pursuant to Federal Rule of Civil Procedure 30.

The Deponent's deposition, when so taken and returned according to law, may be used by

Plaintiffs as evidence upon the trial of the above-styled and -numbered cause. You may be present

at such time to attend and cross-examine said witness as you may see proper.

Dated: April 30, 2026                    Respectfully submitted,

                                         By:   _/s/ Jared A. Greathouse_____
                                               Jared A. Greathouse
                                               Texas State Bar No. 24077284
                                               Marisol J. Sobek
                                               Texas State Bar No. 24134080
                                               **MUNSCH HARDT KOPF &
                                               HARR, P.C.**
                                               1717 West 6th Street, Suite 250
                                               Austin, Texas 78703
                                               Telephone: 512.391.6100
                                               Facsimile: 512.391.6149
                                               Email: jgreathouse@munsch.com
                                               Email: msobek@munsch.com

                                         **ATTORNEYS FOR PLAINTIFFS ABC
                                         IP, INC, LAD, LLC, AND LAWRENCE
                                         DEMONICO**

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, a true and correct copy of the foregoing document
was served on all counsel of record via electronic mail pursuant to the Federal Rules of Civil
Procedure.

                                          _/s/ Jared A. Greathouse_____
                                          Jared A. Greathouse

NOTICE OF DEPOSITION OF JOHN DOWHY                                        PAGE **2** OF **2**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **ABC IP, INC.; LAD, LLC; and**<br>**LAWRENCE DEMONICO** | **CIVIL ACTION NO.:** 1-25-CV-01626 |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **SPIDER HOLE, LLC; SPIKE'S TACTICAL,**<br>**LLC; and MICHAEL REGISTER** | |
| **Defendants.** | |

---

**PLAINTIFFS' NOTICE OF DEPOSITION**
**OF JOSEPH LEFFEL**

---

TO:   Michael E. Long, BREWERLONG PLLC, 407 Wekiva Springs Rd, Suite 241, Longwood, FL 32779, mlong@brewerlong.com.

TO:   Jason W. Snell, SNELL LAW, 404 W. 13th Street, Austin, Texas 78701, jsnell@snellfirm.com.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30, Plaintiffs ABC IP, Inc., LAD, LLC, and Lawrence DeMonico (collectively, "Plaintiffs"), by and through counsel, shall take the deposition upon oral examination of Joseph Leffel (the "Deponent") in connection with the above-referenced and numbered adversary proceeding as follows:

| | |
|---|---|
| Deponent: | Joseph Leffel |
| Deponent's Address: | 1384 San Diego Ct, Casselberry, FL 32708 |
| Subject: | Factual background of the matters at issue in the above-referenced adversary proceeding. |
| Date/Time: | June 5, 2026, commencing at 11:00 a.m., and continuing from day to day thereafter, excluding holidays and weekends, until completed. |

Place:           Veritext Legal Solutions
                 800 N Magnolia Ave
                 #400
                 Orlando, FL 32803

Method:          By audio, videographic, and stenographic means conducted before a person authorized to administer oaths and who is otherwise qualified pursuant to Federal Rule of Civil Procedure 30.

The Deponent's deposition, when so taken and returned according to law, may be used by Plaintiffs as evidence upon the trial of the above-styled and -numbered cause. You may be present at such time to attend and cross-examine said witness as you may see proper.

Dated: April 30, 2026                          Respectfully submitted,

                                               By:  /s/ Jared A. Greathouse
                                                    Jared A. Greathouse
                                                    Texas State Bar No. 24077284
                                                    Marisol J. Sobek
                                                    Texas State Bar No. 24134080
                                                    **MUNSCH HARDT KOPF &
                                                    HARR, P.C.**
                                                    1717 West 6th Street, Suite 250
                                                    Austin, Texas 78703
                                                    Telephone: 512.391.6100
                                                    Facsimile: 512.391.6149
                                                    Email: jgreathouse@munsch.com
                                                    Email: msobek@munsch.com

                                               **ATTORNEYS FOR PLAINTIFFS ABC IP, INC, LAD, LLC, AND LAWRENCE DEMONICO**

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, a true and correct copy of the foregoing document was served on all counsel of record via electronic mail pursuant to the Federal Rules of Civil Procedure.

                                                /s/ Jared A. Greathouse
                                               Jared A. Greathouse

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **ABC IP, INC.; LAD, LLC; and LAWRENCE DEMONICO** | **CIVIL ACTION NO.:** 1-25-CV-01626 |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **SPIDER HOLE, LLC; SPIKE'S TACTICAL, LLC; and MICHAEL REGISTER** | |
| **Defendants.** | |

---

**PLAINTIFFS' NOTICE OF DEPOSITION**
**OF KIA LEWIS**

---

TO:     Michael E. Long, BREWERLONG PLLC, 407 Wekiva Springs Rd, Suite 241, Longwood, FL 32779, mlong@brewerlong.com.

TO:     Jason W. Snell, SNELL LAW, 404 W. 13th Street, Austin, Texas 78701, jsnell@snellfirm.com.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30, Plaintiffs ABC IP, Inc., LAD, LLC, and Lawrence DeMonico (collectively, "Plaintiffs"), by and through counsel, shall take the deposition upon oral examination of Kia Lewis (the "Deponent") in connection with the above-referenced and numbered adversary proceeding as follows:

| | |
|---|---|
| Deponent: | Kia Lewis |
| Deponent's Address: | 850 Broadstone Way, Apt 207, Altamonte Springs, FL 32714 |
| Subject: | Factual background of the matters at issue in the above-referenced adversary proceeding. |
| Date/Time: | June 5, 2026, commencing at 2:00 p.m., and continuing from day to day thereafter, excluding holidays and weekends, until completed. |

Place:               Veritext Legal Solutions
                     800 N Magnolia Ave
                     #400
                     Orlando, FL 32803

Method:              By audio, videographic, and stenographic means conducted before a
                     person authorized to administer oaths and who is otherwise qualified
                     pursuant to Federal Rule of Civil Procedure 30.

The Deponent's deposition, when so taken and returned according to law, may be used by

Plaintiffs as evidence upon the trial of the above-styled and -numbered cause. You may be present

at such time to attend and cross-examine said witness as you may see proper.

Dated: April 30, 2026                          Respectfully submitted,

                                               By:   /s/ Jared A. Greathouse
                                                     Jared A. Greathouse
                                                     Texas State Bar No. 24077284
                                                     Marisol J. Sobek
                                                     Texas State Bar No. 24134080
                                                     **MUNSCH HARDT KOPF &
                                                     HARR, P.C.**
                                                     1717 West 6th Street, Suite 250
                                                     Austin, Texas 78703
                                                     Telephone: 512.391.6100
                                                     Facsimile: 512.391.6149
                                                     Email: jgreathouse@munsch.com
                                                     Email: msobek@munsch.com

                                               **ATTORNEYS FOR PLAINTIFFS ABC
                                               IP, INC, LAD, LLC, AND LAWRENCE
                                               DEMONICO**

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, a true and correct copy of the foregoing document
was served on all counsel of record via electronic mail pursuant to the Federal Rules of Civil
Procedure.

                                                /s/ Jared A. Greathouse
                                               Jared A. Greathouse