**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**ABC IP, INC.; LAD, LLC; and LAWRENCE DEMONICO**

**Plaintiffs,**

**v.**

**SPIDER HOLE, LLC; SPIKE'S TACTICAL, LLC; and MICHAEL REGISTER**

**Defendants.**

**CIVIL ACTION NO.:** 1-25-CV-01626

**JURY TRIAL DEMANDED**

---

**PLAINTIFFS' REQUEST FOR CLARIFICATION**

---

TO THE HONORABLE SUSAN HIGHTOWER:

COMES NOW Plaintiffs ABC IP, Inc., LAD, LLC, and Lawrence DeMonico (collectively, "Plaintiffs") and respectfully submit this Request for Clarification of the Court's Amended Order entered June 2, 2026 (Dkt. 23) (the "Amended Order") in advance of the hearing set for June 30, 2026. The Amended Order holds certain discovery obligations in abeyance, yet the applicable deadlines for certain of those obligations had already expired before the Amended Order was entered. Plaintiffs respectfully request that the Court address the practical effect of the abeyance and provide direction on how the parties should proceed.

## I. Background

1. On March 13, 2026, the parties filed a Stipulated Discovery and Case Management Plan (Dkt. 15) (the "Plan"), which established specific deadlines for discovery in this matter. Under the Plan, the relevant deadlines include: interrogatories to be served on or before April 20, 2026; Defendants' depositions of Plaintiffs, corporate representatives, and third parties to be completed

on or before June 8, 2026; Plaintiffs' depositions of Defendant Michael Register, Defendants' corporate representatives, and third parties to be completed on or before August 8, 2026; fact discovery to close by September 1, 2026; and expert discovery to close by September 21, 2026.

2. Plaintiffs served their First Set of Interrogatories, Requests for Production, and Requests for Admission on April 20, 2026. Under the Federal Rules, Defendants' responses to this written discovery were due thirty days later, on or about May 20, 2026.

3. On the evening of May 20, 2026, the date responses were due, Defendants served an Omnibus Objection to Discovery. Then, **nearly a week later on May 26, 2026**, Defendants filed their Motion to Stay Discovery and Emergency Motion for Protective Order (Dkt. 17).

4. On June 2, 2026, the Court entered the Amended Order (Dkt. 23), which ordered a stay of the scheduled June 3-5 depositions and, seemingly, re-opened Defendants' already closed window to respond to written discovery.

## II. The Abeyance Is Without Practical Effect as to Written Discovery Responses

5. Plaintiffs respectfully submit that a question arises as to the practical effect of the abeyance on Defendants' written discovery responses. As the Court is aware from the above timeline, Defendants' failed to provide adequate objections or any substantive responses to written discovery well before the Court entered the order directing an abeyance. In fact, nearly two weeks had passed since Defendants missed their response deadline. It is unclear if it was the intention of the Court to forgive this behavior by re-opening that written discovery window and Plaintiffs seek clarification of that issue.

6. Rather than respond to the written discovery by the May 20 deadline, Defendants served a blanket Omnibus Objection and **subsequently** sought a stay. By the time the Court entered the Amended Order, the deadline for Defendants' written discovery responses had already

passed, and Defendants were already in default of their discovery obligations.

7. The abeyance therefore appears to address an obligation whose deadline had already passed rather than one that remained prospective at the time of the Amended Order. Plaintiffs seek clarification as to whether the Court intended the abeyance to apply retroactively to the responses that were due before the Amended Order was entered, or whether the abeyance operates only prospectively, i.e., relieving Defendants of any duty to respond while the abeyance remains in effect, without addressing the status of the responses that were due on the May 20 deadline.

## III. Requested Clarification

8. In light of the foregoing, Plaintiffs respectfully request that the Court address the following issues at or before the June 30, 2026 hearing:

i. Whether the abeyance entered in the Amended Order (Dkt. 23) is intended to excuse Defendants' failure to respond to written discovery that was due on or about May 20, 2026 or whether Defendants remain obligated to provide those responses once the abeyance is lifted;

ii. Any other direction the Court deems appropriate.

9. Plaintiffs raise these issues in the spirit of cooperation and to ensure the parties can prepare appropriately for the June 30 hearing. We are prepared to address each of these matters at that time.

Dated: June 9, 2026

Respectfully submitted,

By: */s/ Jared A. Greathouse*

Jared A. Greathouse
Texas State Bar No. 24077284
Marisol J. Sobek
Texas State Bar No. 24134080
**MUNSCH HARDT KOPF & HARR, P.C.**
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149
Email: jgreathouse@munsch.com
Email: msobek@munsch.com

**ATTORNEYS FOR PLAINTIFFS ABC IP, INC., LAD, LLC, AND LAWRENCE DEMONICO**

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, a true and correct copy of the foregoing document was served on all counsel of record by way of e-service through the CM/ECF system.

*/s/ Jared A. Greathouse*
Jared A. Greathouse