**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**ABC IP, INC; LAD, LLC; and LAWRENCE DEMONICO.,**

**Plaintiffs,**

**v.**

**SPIDER HOLE, LLC; SPIKE'S TACTICAL, LLC and MICHAEL REGISTER,**

**Defendants**

**CIVIL ACTION NO..: 1:25 CV 01626**

__________________________________/

**<u>DEFENDANTS' OBJECTION TO AND MOTION TO EXCLUDE PLAINTIFFS' UNTIMELY EXPERT DEISNGATION AND ALTERNATIVELY, TO EXCLUDE OR LIMIT THE PROPOSED EXPERT TESTIMONY OF JARED A. GREATHOUSE</u>**

Defendants, SPIDER HOLE, LLC ("Spider Hole"), SPIKE'S TACTICAL, LLC ("Spikes" or "Spike's Tactical") and MICHAEL REGISTER ("Register")(collectively, "Defendants"), by and through the undersigned counsel, object to the proposed expert testimony of Jared A. Greathouse and move to exclude or limit the proposed expert testimony of Plaintiffs' lead counsel, concerning Plaintiff's attorneys' fees. Plaintiffs have not disclosed an actual fee opinion, the amount sought, the billing records supporting the opinion, or a reliable application of the lodestar methodology. Defendants therefore request that the Court exclude any presently undisclosed opinions and require Plaintiffs to provide a complete disclosure before Mr. Greathouse offers expert testimony.

**<u>BACKGROUND</u>**

On September 21, 2026, Plaintiffs designated their lead counsel, Jared A. Greathouse, as an expert concerning the reasonableness and necessity of Plaintiffs' attorneys' fees. Dkt. 52.

The designation states that Mr. Greathouse will rely on his personal knowledge, the work performed by other attorneys and paralegals, and his firm's billing records. *Id.* Plaintiffs did not produce the billing records. Instead, they state that the records will be made available at an unspecified time "prior to providing expert testimony." *Id.*

The designation lists general factors relevant to attorneys' fees but does not disclose:

1. the amount of fees claimed;
2. the hours Mr. Greathouse considers reasonable;
3. the reasonable rate for each timekeeper;
4. any reduction for duplicative, excessive, unsuccessful, or unnecessary work;
5. any allocation or segregation of fees; or
6. the calculation supporting his ultimate opinion.

Plaintiffs also reserve the right for Mr. Greathouse to modify or supplement his opinion as additional fees accrue. *Id.*

## LEGAL STANDARD

Federal Rule of Evidence 702 requires the proponent of expert testimony to establish that the testimony is based on sufficient facts or data, is the product of reliable principles and methods, and reflects a reliable application of those principles and methods to the facts. Fed. R. Evid. 702.

The Court serves as gatekeeper and must ensure that expert testimony is both relevant and reliable. *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347 (5th Cir. 2007). Conclusory assurances of reliability are insufficient. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269 (5th Cir. 1998).

A witness who is not required to provide a written report must still provide a disclosure stating the subject matter of the proposed testimony and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Information not properly

disclosed may not be used at trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875 (5th Cir. 2004).

## ARUGMENT

### I. PLAINTIFFS EXPERT DESIGNATION WAS UNTIMELY

The Court's Scheduling Order required all parties asserting claims for relief to file their designations of testifying experts and serve the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before September 14, 2026. Dkt. 50. The Order further provides that the Court may impose sanctions under Rule 16(f) for a party's failure to make timely submissions. Id.

Plaintiffs did not meet that deadline. Plaintiffs filed their Designation of Expert Witnesses on September 21, 2026, seven days after the court-ordered deadline. Dkt. 52. Moreover, Plaintiffs did not serve the designation and supporting materials on Defendants until September 24, 2026, ten days after the deadline. Defendants did not agree to extend Plaintiffs' expert disclosure deadline, and Plaintiffs did not seek or obtain leave of Court before serving their untimely disclosure.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Scheduling Order permits the parties to modify certain deadlines by agreement, Dkt. 50, but no such agreement exists here. Plaintiffs therefore cannot unilaterally enlarge their deadline through an untimely designation.

Rule 37(c)(1) provides that, when a party fails to disclose information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial," unless the failure was substantially justified or

harmless. Fed. R. Civ. P. 37(c)(1). The party facing exclusion bears the burden of demonstrating substantial justification or harmlessness.

In determining whether an untimely expert disclosure should be excluded, the Fifth Circuit considers: “(1) the explanation, if any, for the party’s failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance and (4) the importance of the witnesses’ testimony. *Barrett v. Atl. Richfield Co*., 95 F.3d 375 (5th Cir. 1996). The same factors support exclusion of untimely expert testimony under Rule 37(c)(1).

Each factor supports exclusion or, at minimum, substantial limitation here. First, although Plaintiffs may characterize testimony regarding attorneys’ fees as important, the importance of the testimony does not excuse noncompliance with the Court’s deadline. Plaintiffs knew from the outset that they intended to seek attorneys’ fees and had already submitted a declaration from Mr. Greathouse regarding the reasonableness of fees before the expert-disclosure deadline.

Second, the late designation prejudices Defendants by reducing the time available to evaluate Mr. Greathouse’s proposed testimony, obtain and analyze the billing records on which he intends to rely, retain a rebuttal expert, and prepare for his deposition. That prejudice is compounded by the deficiencies in the disclosure itself. Plaintiffs disclosed no amount of fees claimed, no complete lodestar calculation, no segregation analysis, and none of the billing records forming the stated basis of Mr. Greathouse’s opinions.

Third, a continuance would disrupt the Court’s schedule and reward Plaintiffs’ failure to comply with a deadline. The Court set expert discovery and other case-management deadlines, and expressly warned that sanctions may be imposed for untimely submissions. Dkt. 50.

Fourth, Plaintiffs have provided no explanation for missing the deadline and did not seek leave before filing the late designation. Nor have Plaintiffs attempted to demonstrate that the violation was substantially justified or harmless. Their unexplained noncompliance warrants exclusion under Rule 37(c)(1).

Accordingly, the Court should exclude Mr. Greathouse's proposed expert testimony as untimely. Alternatively, the Court should prohibit Plaintiffs from offering any opinion beyond the specific subject matter timely disclosed, require immediate production of all opinions and supporting records, permit Defendants a reasonable opportunity to designate a rebuttal expert and depose Mr. Greathouse, and award any other relief necessary to cure the prejudice caused by Plaintiffs' untimely disclosure.

## II. PLAINTIFFS HAVE NOT DISCLOSED AN ACTUAL EXPERT OPINION

Plaintiffs identify the general subject of Mr. Greathouse's testimony but do not summarize an actual opinion. They do not disclose the amount he considers reasonable and necessary, the hours and rates included in that amount, any reductions applied, or the facts supporting his conclusions.

The designation therefore does not provide Defendants with sufficient notice of the substance of the proposed testimony. Defendants cannot evaluate the opinion, prepare a rebuttal, or meaningfully examine Mr. Greathouse without knowing the amount claimed or how he calculated it.

Plaintiffs should be prohibited from offering any opinion, amount, calculation, or category of fees not specifically and timely disclosed.

## III. THE PROPOSED TESTIMONY IS NOT SUPPORTED BY A DISCLOSED LODESTAR ANALYSIS

Under Fifth Circuit law, the party seeking fees bears the burden of establishing the number of hours reasonably expended and the applicable reasonable hourly rates. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995). The claimant must present adequately documented time records, and inadequately documented time may be reduced or excluded. *Id.*

The Texas Supreme Court applies the same lodestar framework. The fee claimant must provide evidence of:

1. the particular services performed;
2. who performed those services;
3. approximately when the services were performed;
4. the reasonable time required to perform them; and
5. the reasonable hourly rate for each person performing the services.

*Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019). Generalities concerning the attorney's experience, the complexity of the case, or the total amount incurred are insufficient. *Id.* see also *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757 (Tex. 2012).

Plaintiffs' designation provides none of the information necessary to evaluate under the lodestar framework. It does not identify the hours, rates, services, reductions, or resulting calculation. Although Plaintiffs list general fee factors, they do not explain how Mr. Greathouse applied those factors to any identifiable fees. A recitation of general factors, without an application of those factors to the hours, rates, and services at issue, does not establish a reliable methodology under Rule 702.

## IV. PLAINTIFFS HAVE WITHHELD THE FACTS AND DATA UNDERLYING THE PROPOSED OPINIONS

Plaintiffs expressly state that Mr. Greathouse will rely on billing records maintained by his firm, but they did not provide those records with the designation. They instead propose to produce redacted records at an unspecified time before he testifies.

Without the records, Defendants cannot determine whether the claimed time is adequately documented, duplicative, excessive, clerical, unrelated to recoverable claims, or otherwise unreasonable. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995). Plaintiffs also have not identified what information will be redacted or whether the redactions will permit meaningful review of the work performed.

The Court should preclude Mr. Greathouse from offering any opinion based on billing records or other information not timely produced before his deposition.

## V. PLAINTIFFS HAVE NOT DISCLOSED ANY SEGREGATION OR ALLOCATION ANALYSIS

Plaintiffs assert multiple claims against multiple Defendants. Their designation does not allocate the claimed fees among claims, parties, motions, or other categories of work, and it does not explain whether Plaintiffs contend that segregation is unnecessary.

Under Texas law, a claimant must segregate fees attributable to recoverable claims from fees attributable to claims for which fees are unavailable, unless the discrete legal services advance both recoverable and nonrecoverable claims. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2006).

Mr. Greathouse should not be permitted to offer a generalized opinion that all fees incurred in the litigation are reasonable, necessary, or recoverable without disclosing and applying an appropriate segregation analysis.

## VI. PLAINTIFFS' OPEN-ENDED RESERVATION DOES NOT PERMIT LATER DISCLOSURE OF NEW OPINIONS.

Plaintiffs reserve the right to modify or supplement Mr. Greathouse's opinions because fees remain ongoing. Rule 26(e), however, does not permit a party to withhold the substance of an opinion until after the disclosure deadline or to offer materially new opinions under the label of supplementation. See *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546 (5th Cir. 1996).

Plaintiffs may update a timely disclosed calculation to include additional fees incurred for the same categories of work and under the same methodology. They should not be permitted to introduce an undisclosed methodology, segregation theory, category of fees, or substantive opinion after Defendants' opportunity to conduct expert discovery or prepare a rebuttal.

## VII. MR. GREATHOUSE'S ROLES AS LEAD TRIAL COUNSEL AND EXPERT WITNESS CREATE A SUBSTANTIAL RISK OF CONFUSION

Mr. Greathouse is Plaintiffs' lead counsel, personally performed some of the work at issue, supervised or possesses knowledge of work performed by other timekeepers, and proposes to offer expert opinions concerning the reasonableness and necessity of fees charged by his own firm.

Mr. Greathouse's simultaneous roles as advocate, fact witness, and expert witness create a substantial risk that advocacy will be presented as expert analysis and that the factfinder will be unable to distinguish counsel's arguments from evidence.

This concern is particularly significant where the designation contains no independent market analysis, disclosed comparison data, complete billing records, or methodology beyond Mr. Greathouse's own experience and a list of general factors.

Under Rule 403, the Court should limit the proposed testimony to prevent confusion of the issues, misleading of the factfinder, and unfair prejudice. At a minimum, Plaintiffs should not be permitted to characterize Mr. Greathouse as an independent or neutral expert concerning fees charged by himself and his firm.

## VIII. ANY LEGAL CONCLUSIONS SHOULD BE EXCLUDED

Mr. Greathouse may not offer opinions concerning whether Plaintiffs are legally entitled to recover fees, which claims authorize recovery, or which categories of work are legally compensable. Those are questions of law for the Court. Expert testimony that merely tells the factfinder what result the law requires is inadmissible. *Owen v. Kerr-McGee Corp.*, 698 F.2d 236 (5th Cir. 1983).

Any permitted testimony should therefore be limited to properly disclosed opinions concerning the reasonable hours, rates, and identified services. Mr. Greathouse should not be permitted to offer legal conclusions concerning Plaintiffs' entitlement to fees or the legal recoverability of particular categories of work.

WHEREFORE, Defendants Spider Hole, LLC, Spike's Tactical, LLC, and Michael Register respectfully request that the Court exclude the proposed expert testimony of Jared A. Greathouse because Plaintiffs failed to file and serve their expert disclosure by the September 14, 2026 deadline established in the Scheduling Order and have not demonstrated that their failure was substantially justified or harmless; exclude any opinion, fee amount, calculation, methodology, or category of attorneys' fees not specifically and timely disclosed; prohibit Mr. Greathouse from offering legal conclusions concerning Plaintiffs' entitlement to or recovery of attorneys' fees; and grant Defendants such other and further relief to which they may be justly entitled. Alternatively, if the Court permits any expert testimony from Mr. Greathouse, Defendants request that the Court require Plaintiffs to produce a complete disclosure of his opinions, the amount of fees claimed, the supporting hours and rates, all underlying billing records, any reductions or billing judgment applied, the allocation or segregation of fees, and the methodology and facts supporting each opinion; permit Defendants sufficient time to designate a rebuttal expert

and depose Mr. Greathouse; permit Defendants to supplement their Rule 702 objections within eleven days after completion of his deposition; and prohibit Plaintiffs from offering any opinion or supporting material not disclosed within the deadline established by the Court.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September 2026, the foregoing was served electronically through the Court's CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Michael E. Long
MICHAEL E. LONG, ESQUIRE
Florida Bar No.: 0309620
**BREWERLONG PLLC**
407 Wekiva Springs Rd Ste 241
Longwood, FL 32779
Email: mlong@brewerlong.com
Secondary Email:
emailserviceonly@brewerlong.com
taylor@brewerlong.com
Telephone: (407) 660-2964
Facsimile: (407) 660-4439
JASON W. SNELL, ESQUIRE
Texas Bar No.: 24013540
**SNELL LAW**
404 W. 13th Street
Austin, Texas 78701
Email: jsnell@snellfirm.com