**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**ABC IP, INC; LAD, LLC; and LAWRENCE DEMONICO.,**

**Plaintiffs,**

**v.**

**SPIDER HOLE, LLC; SPIKE'S TACTICAL, LLC and MICHAEL REGISTER,**

**Defendants**

**CIVIL ACTION NO..: 1:25 CV 01626**

___________________________________/

**DEFENDANTS' REPLY IN SUPPORT OF OBJECTION TO AND MOTION TO EXCLUDE PLAINTIFFS' EXPERT DESIGNATION AND, ALTERNATIVELY, TO EXCLUDE OR LIMIT THE PROPOSED EXPERT TESTIMONY OF JARED A. GREATHOUSE**

Plaintiffs' Response (Dkt. 55) confirms the material facts supporting Defendants' Motion (Dkt. 53): Plaintiffs missed the September 14, 2026 expert deadline; they did not obtain an extension or leave of Court; and their disclosure omitted the opinions, fee amount, hours, rates, billing records, and segregation analysis on which their proposed fee testimony will depend. Plaintiffs answer these defects primarily by arguing that Jared A. Greathouse is a non-retained expert governed by Federal Rule of Civil Procedure 26(a)(2)(C). But the Court's Scheduling Order expressly required parties asserting claims for relief to serve "the materials required by Federal Rule of Civil Procedure 26(a)(2)(B)" by September 14, 2026. Dkt. 50 ¶ 5. Plaintiffs cannot replace that case specific requirement with the lesser disclosure standard they prefer.

Moreover, Defendants' later, timely designation does not cure Plaintiffs' earlier violation or make the omitted opinions discoverable. The issue is whether Plaintiffs complied with their deadline and gave Defendants the information necessary to evaluate and rebut Mr. Greathouse's

proposed opinions. They did not. The Court should exclude the untimely and undisclosed testimony or, at minimum, confine Mr. Greathouse to opinions actually disclosed and require prompt production of the missing information before any deposition or further Rule 702 proceedings.

## I. THE SCHEDULING ORDER REQUIRED RULE 26(a)(2)(B) MATERIALS, REGARDLESS OF PLAINTIFFS' CHARACTERIZATION OF THEIR WITNESS

Plaintiffs' principal argument begins with the wrong premise. They contend that, because Mr. Greathouse is counsel of record and was not separately retained, Rule 26(a)(2)(C) governs and no written report was required. Resp. ¶¶ 11–14. The Scheduling Order, however, is more specific. It required "[a]ll parties asserting claims for relief" to file their expert designations and serve "the materials required by Federal Rule of Civil Procedure 26(a)(2)(B)" by September 14, 2026. Dkt. 50 ¶ 5. It likewise tied rebuttal designations and Rule 702 objections to receipt of the opposing expert's report. *Id.* ¶¶ 5–6. Thus, those provisions would have little meaning if a claimant could avoid them by designating its own lawyer and labeling him non-retained.

A Rule 16 scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiffs neither sought modification nor obtained consent. Their reliance on Rule 26(a)(2)(D)'s default ninety-day deadline is similarly misplaced because that rule applies "[a]bsent a stipulation or a court order." Fed. R. Civ. P. 26(a)(2)(D). Here, by contrast, the Court entered an order setting an earlier and more specific deadline. Plaintiffs cannot invoke the default rule to disregard it.

## II. *PRIMEROSE* DOES NOT EXCUSE THE LATE AND INCOMPLETE DISCLOSURE

*Primrose Operating Co. v. National American Insurance* Co., 382 F.3d 546 (5th Cir. 2004), does not establish that Plaintiffs' violation was harmless. There, the disclosure identified the fee

opinion, included the expert's résumé, and provided the invoices on which the opinion was based. *Id.* at 563–64. The Fifth Circuit's harmlessness determination rested on that developed disclosure and record, not on a rule that every fee-expert omission is harmless.

Unlike the disclosure in *Primrose*, Plaintiffs produced no report, no billing records, no fee amount, no hours, no rates, no reductions, and no segregation opinion. Dkt. 55, Resp. ¶¶ 11–16. Trial distance does not eliminate prejudice when the missing information prevents Defendants from evaluating the opinion, preparing a meaningful deposition, or determining the scope of rebuttal. A general promise to produce records later is not the disclosure the Scheduling Order required by September 14, 2026. See Dkt. 50.

The remaining factors likewise favor relief. Plaintiffs provide no explanation for missing the deadline. The missing opinions and data impair Defendants' ability to prepare. Any cure now compresses the remaining expert proceedings and requires Defendants to address information that should have been disclosed by the court ordered deadline. And while fee evidence may be important, importance "only underscores the need for [a party] to have complied with the court's deadlines." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990).

## III. AN EVOLVING FEE TOTAL DOES NOT EXCUSE FAILURE TO DISCLOSE PRESENT OPINIONS AND METHODOLOGY

Defendants do not contend that Plaintiffs had to predict every future hour through trial. The Motion challenges Plaintiffs' failure to disclose the opinions and supporting information that existed at the deadline. A party may supplement a timely disclosed calculation as additional fees accrue, but Rule 26(e) does not permit a party to reserve the substance of an opinion, methodology, or segregation theory for later. See *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co*., 73 F.3d 546, 571 (5th Cir. 1996).

That distinction matters here. Updating the amount of fees associated with previously disclosed categories, rates, methodology, and segregation analysis may be supplementation. First disclosing those matters after the deadline is not. Plaintiffs' Response does not identify any present fee amount or actual lodestar analysis, and it does not explain what fees are recoverable, what work is segregated, or why any otherwise nonrecoverable work is inseparable. Without those opinions, Defendants cannot test whether the proposed testimony satisfies the standards Plaintiffs themselves cite.

## IV. DEFENDANTS' TIMELY DESIGNATION DOES NOT WAIVE OR DEFEAT THEIR OBJECTIONS

Plaintiffs nevertheless devote substantial argument to Defendants' September 28, 2026 designation. Dkt. 55, Resp. ¶¶ 20–30. That comparison does not resolve the Motion. Defendants were parties resisting claims for relief and timely served their designation by the separate September 28, 2026 deadline. Dkt. 50 ¶ 5. They also expressly preserved their objections to Plaintiffs' disclosure and their right to designate rebuttal testimony after Plaintiffs provide the complete opinions and supporting materials required by the Scheduling Order.

In any event, one party's disclosure does not amend another party's deadline, supply another expert's missing opinions, or establish harmlessness. If Plaintiffs believe Defendants' testimony exceeds Defendants' disclosure, they may raise a properly timed objection directed to that testimony. The Court should not use Defendants' compliance with their later deadline to excuse Plaintiffs' noncompliance with an earlier one.

## V. AT MINIMUM, THE COURT SHOULD LIMIT THE TESTIMONY

If the Court declines complete exclusion, it should not accept Plaintiffs' open-ended proposal to disclose the substance of Mr. Greathouse's opinions at an unspecified later date. Accordingly, the appropriate alternative is to: (1) require Plaintiffs, by a date certain, to disclose

every present opinion, the fee amount claimed to date, hours, rates, billing judgment, supporting billing records, methodology, and segregation analysis; (2) prohibit any later new opinion, methodology, fee category, or segregation theory, while permitting only arithmetic updates for additional fees incurred under the same disclosed framework; (3) allow Defendants a reasonable period after the complete disclosure to designate rebuttal testimony and depose Mr. Greathouse; and (4) preserve Defendants' right under paragraph 6 of the Scheduling Order to file or supplement Rule 702 objections within eleven days after receipt of the completed report or completion of Mr. Greathouse's deposition, whichever is later.

The Court should also prohibit Mr. Greathouse from offering legal conclusions concerning entitlement to fees or the legal recoverability of particular work. See *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). His status as counsel may not categorically disqualify him, but it does not authorize him to instruct the Court or jury on governing law or to present advocacy as expert opinion. Fed. R. Evid. 403, 702.

WHEREFORE, Defendants respectfully request that the Court grant their Motion and exclude Jared A. Greathouse's untimely expert designation and proposed testimony. Alternatively, Defendants request that the Court limit Mr. Greathouse to the opinions timely disclosed; require Plaintiffs, by a date certain, to produce his complete opinions, fee calculation, supporting billing records, hours, rates, billing judgment, methodology, and segregation analysis; prohibit any later-disclosed new opinion, methodology, fee category, or segregation theory; permit Defendants a reasonable opportunity to designate rebuttal testimony and depose Mr. Greathouse; preserve Defendants' right to file or supplement their Rule 702 within eleven days after receipt of the completed disclosure or completion of Mr. Greathouse's deposition, whichever is later; prohibit

Mr. Greathouse from offering legal conclusions concerning entitlement to or recoverability of attorneys' fees; and grant such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of October 2026, the foregoing was served electronically through the Court's CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Michael E. Long
MICHAEL E. LONG, ESQUIRE
Florida Bar No.: 0309620
**BREWERLONG PLLC**
407 Wekiva Springs Rd Ste 241
Longwood, FL 32779
Email: mlong@brewerlong.com
Secondary Email:
emailserviceonly@brewerlong.com
taylor@brewerlong.com
Telephone: (407) 660-2964
Facsimile: (407) 660-4439
JASON W. SNELL, ESQUIRE
Texas Bar No.: 24013540
**SNELL LAW**
404 W. 13th Street
Austin, Texas 78701
Email: jsnell@snellfirm.com