**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**ABC IP, INC; LAD, LLC; and LAWRENCE DEMONICO.,**

**Plaintiffs,**

**v.**

**SPIDER HOLE, LLC; SPIKE'S TACTICAL, LLC and MICHAEL REGISTER,**

**Defendants**

**CIVIL ACTION NO..: 1:25 CV 01626**

________________________________/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE SURREPLY**

Defendants Spider Hole, LLC, Spike's Tactical, LLC, and Michael Register (collectively, "Defendants") oppose Plaintiffs' Motion for Leave to File Surreply (Dkt. 57). Plaintiffs identify no new claim, defense, or theory first raised in Defendants' Reply (Dkt. 56). The Reply addressed arguments Plaintiffs chose to place at issue in their Response (Dkt. 55), applied the governing rules and authorities to those arguments, and requested relief already encompassed within Defendants' Motion (Dkt. 53) to exclude or limit the proposed testimony. A surreply is therefore unnecessary and would merely provide Plaintiffs another opportunity to reargue the merits.

**INTRODUCTION**

Local Rule CV-7(e)(1) permits a reply but provides that, absent leave, no further submissions are allowed. Plaintiffs have not shown that another submission is warranted. Each allegedly new matter answered a position Plaintiffs affirmatively advanced: the governing disclosure standard under Rule 26 and the Scheduling Order; the significance of Rule 26(a)(2)(D) and the remaining schedule; the four-factor harmlessness analysis; Plaintiffs' reliance on

*Primrose*; Plaintiffs' supplementation theory; the comparison to Defendants' designation; and the permissible scope of counsel's testimony.

The Motion for Leave should be denied for three related reasons. First, the Reply addressed issues already joined by Plaintiffs' Response. Second, the authorities and alternative relief cited in the Reply supported those responsive arguments and did not change the grounds for Defendants' Motion. Third, the proposed Surreply exceeds its stated purpose by rearguing the merits and adding the unbriefed Local Rule CV-7(g) issue.

## ARGUMENT

### I. THE REPLY RESPONDED TO ARGUMENTS RAISED IN PLAINTIFFS' RESPONSE.

Plaintiffs cannot create a basis for surreply by relabeling Defendants' answers as new arguments. Defendants' Motion challenged both the untimeliness and substantive insufficiency of Plaintiffs' expert disclosure and sought exclusion or limitation of Jared A. Greathouse's proposed opinions. Plaintiffs responded that Rule 26(a)(2)(C) governed because Mr. Greathouse was non-retained; that Rule 26(a)(2)(D), the remaining schedule, and the four-factor analysis made the delay harmless; that missing fee information could be supplied through supplementation; that *Primrose* supported admission; that Defendants' designation was comparable; and that counsel could testify concerning fees. Dkt. 55.The Reply addressed those same subjects. Dkt. 56. Its discussion of the Scheduling Order and Rule 26(a)(2)(B) answered Plaintiffs' proposed disclosure standard; its discussion of Rule 26(a)(2)(D) answered Plaintiffs' reliance on the default deadline; and its discussion of the parties' designations answered Plaintiffs' comparison. None supplied a new ground for exclusion. Each explained why Plaintiffs' arguments did not cure the missed deadline or the absence of opinions and supporting information that existed when disclosure was due.

## II. THE REPLY'S AUTHORITIES ADDRESSED ISSUES PLAINTIFFS HAD ALREADY PLACED BEFORE THE COURT

Plaintiffs also treat the Reply's supporting authorities as new issues. They are not. Plaintiffs' Response invoked the Fifth Circuit's four-factor analysis and argued that the late disclosure was harmless. Dkt. 55. The Reply cited *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990), in applying that same analysis and explaining why the asserted importance of testimony does not override enforcement of scheduling deadlines. Dkt. 56.

Plaintiffs' Response relied on *Primrose Operating Co. v. National American Insurance Co*., 382 F.3d 546 (5th Cir. 2004), to support admission despite disclosure deficiencies. Dkt. 55. The Reply addressed and distinguished *Primrose* because Plaintiffs placed that authority before the Court. Dkt. 56.

And Plaintiffs argued that omitted fee information could be supplied later through supplementation. Dkt. 55. The Reply cited *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co*., 73 F.3d 546 (5th Cir. 1996), to answer that contention and distinguish supplementation of a timely disclosed opinion from first disclosure of the opinion's substance after the deadline. Dkt. 56. The cases supported responsive propositions; they did not change the issue presented by the Motion or deprive Plaintiffs of an opportunity to address that issue.

## III. THE REQUESTED ALTERNATIVE RELIEF WAS WITHIN THE MOTION AND RESPONSIVE TO PLAINTIFFS' POSITION

Plaintiffs also characterize Defendants' proposed disclosure schedule and limits on later supplementation as new relief. They are not. The Motion expressly requested exclusion or, alternatively, an order limiting Mr. Greathouse to opinions properly and timely disclosed. Dkt. 53. Plaintiffs then argued that any deficiency could be cured later because fees would continue to accrue and Defendants could depose Mr. Greathouse before trial. Dkt. 55. The Reply answered

that proposed cure by identifying the minimum procedure needed if the Court declined exclusion: a date-certain disclosure of the existing opinion and supporting information, a meaningful deposition opportunity, a Rule 702 objection period, and a prohibition against using Rule 26(e) to introduce opinions that should already have been disclosed. Dkt. 56. That proposal narrowed the relief requested and responded directly to Plaintiffs' position; it did not enlarge the Motion.

## IV. PLAINTIFFS' PROPOSED SURREPLY EXCEEDS THE STATED PURPOSE OF RESPONDING TO NEW MATTERS

Although Plaintiffs represent that the proposed Surreply is limited to new matters, it revisits the central merits at length. It reargues whether Rule 26(a)(2)(B) or Rule 26(a)(2)(C) governs, whether the delay was harmless, what *Primrose* and *Geiserman* mean, whether supplementation is permissible, whether Defendants' designation is comparable, and whether counsel may testify. It also argues the facts of *Geiserman* and *Sierra Club*, invokes the Advisory Committee Notes and *Cedant v. United States*, 75 F.4th 1314 (11th Cir. 2023) for the first time, and asks the Court to deny the underlying Motion under Local Rule CV-7(g) or impose disclosure requirements on Defendants' expert. Those matters go beyond answering a genuinely new point in the Reply. The proposed Surreply is therefore not narrowly confined to curing unfairness; it is a further merits brief seeking additional grounds and affirmative relief.

## V. ALTERNATIVELY, ANY LEAVE SHOULD BE STRICTLY LIMITED

If the Court permits a surreply, Defendants request that the Court limit it to genuinely new matters and disregard all portions that repeat Plaintiffs' prior arguments, offer new grounds to deny the underlying Motion, or seek affirmative relief beyond answering an issue first raised in the Reply. Defendants further request an opportunity to respond if the Court considers any new argument or request for relief contained in the proposed Surreply.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' Opposed Motion for Leave to File Surreply. Alternatively, Defendants request that the Court limit any permitted surreply; disregard repetitive merits argument, newly injected grounds for denial, and requests for affirmative relief; permit Defendants to respond to any new matter the Court elects to consider; and grant such further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23RD day of October 2026, the foregoing was served electronically through the Court's CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Michael E. Long

MICHAEL E. LONG, ESQUIRE
Florida Bar No.: 0309620
**BREWERLONG PLLC**
407 Wekiva Springs Rd Ste 241
Longwood, FL 32779
Email: mlong@brewerlong.com
Secondary Email:
emailserviceonly@brewerlong.com
taylor@brewerlong.com
Telephone: (407) 660-2964
Facsimile: (407) 660-4439
JASON W. SNELL, ESQUIRE
Texas Bar No.: 24013540
**SNELL LAW**
404 W. 13th Street
Austin, Texas 78701
Email: jsnell@snellfirm.com