**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ABC IP, INC.; LAD, LLC; and LAWRENCE DEMONICO,** *Plaintiffs* | § § § § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-cv-01626-RP** |
| **SPIDER HOLE, LLC; SPIKE'S TACTICAL, LLC and MICHAEL REGISTER,** *Defendants* | § § § § § § | |

**DEFENDANTS' MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTIONS DEADLINE**

Defendants Spider Hole, LLC, Spike's Tactical, LLC, and Michael Register ("Defendants"), pursuant to Federal Rules of Civil Procedure 6(b)(1) and 16(b)(4), respectfully move to extend the discovery and dispositive-motion deadlines established by the Court's Agreed Scheduling Order. In support, Defendants state:

1. The Court's Scheduling Order (Doc. 50) requires the parties to complete discovery by November 30, 2026, and file dispositive motions by December 30, 2026. No trial date has been set.

2. Michael E. Long is Defendants' lead counsel and has primary responsibility for case strategy, witness preparation, depositions, and presentation of Defendants' claims and defenses.

3. Michael E. Long has been diagnosed with vocal cord paralysis. The cause, anticipated duration, treatment course, and prognosis remain under medical evaluation. The condition materially limits his ability to speak and prevents him from reliably conducting sustained witness examinations.

4. This condition was unforeseen and is not the result of a lack of diligence, a scheduling preference, or an effort to delay these proceedings.

5. Plaintiffs have noticed several depositions for October 20, 2026 through October 22, 2026. Defendants did not notice those depositions. Plaintiffs will conduct the examinations.

6. Appearing to represent a client or witness during an examination conducted by opposing counsel requires substantially less speaking than taking a deposition, which requires counsel to question the witness for an extended period.

7. Defendants must still evaluate the testimony obtained during Plaintiffs' depositions, determine what follow up discovery is warranted, and take depositions necessary to develop their defenses. Michael E. Long's condition presently prevents him from conducting those sustained examinations.

8. The approaching November 30, 2026 discovery deadline does not provide sufficient time for Defendants to review the scheduled deposition testimony, identify and pursue reasonably necessary follow up discovery, and take their own depositions after Michael E. Long is medically able to resume sustained witness examinations.

9. Defendants have continued to litigate this matter despite the condition. Defendants have participated in written discovery, are preparing to appear for Plaintiffs' scheduled depositions, and will continue performing all work that can reasonably be completed without sustained speaking.

10. Rule 16(b)(4) permits modification of a scheduling order for good cause and with the Court's consent. Good cause exists because the present schedule cannot reasonably be met despite Defendants' diligence due to an unforeseen medical condition affecting the attorney responsible for taking Defendants' depositions.

11. Defendants request a limited extension of the discovery deadline from November 30, 2026, through February 28, 2027. Because evidence obtained during the extended discovery period must be evaluated before dispositive motions can be prepared, Defendants also request that the dispositive motion deadline be extended from December 30, 2026, through March 30,

2027.

12. The requested extension will not disturb a trial date because no trial has been set. It will permit discovery to be completed on a fair record and avoid piecemeal requests for additional time.

13. Defendants are prepared to provide appropriate medical documentation for in camera or sealed review if requested by the Court.

14. This Motion is made in good faith and not for purposes of delay.

WHEREFORE, Defendants respectfully request that the Court extend the discovery deadline from November 30, 2026, through February 28, 2027, extend the dispositive-motion deadline from December 30, 2026, through March 30, 2027, leave all other deadlines in place unless otherwise ordered, and grant such other and further relief as the Court deems just and proper.

## LOCAL RULE CV-7(g) CONFERENCE

Pursuant to Local Rule CV-7(g), counsel conferred with Plaintiffs' counsel on October 26, 2026, via telephone conference in good faith regarding the relief requested in this motion, and opposing counsel does not agree to the requested relief.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October 2026, the foregoing was served electronically through the Court's CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Michael E. Long
MICHAEL E. LONG, ESQUIRE
Florida Bar No.: 0309620
**BREWERLONG PLLC**
407 Wekiva Springs Rd Ste 241
Longwood, FL 32779
Email: mlong@brewerlong.com
Secondary Email:
emailserviceonly@brewerlong.com
taylor@brewerlong.com
Telephone: (407) 660-2964

Facsimile: (407) 660-4439
JASON W. SNELL, ESQUIRE
Texas Bar No.: 24013540
**SNELL LAW**
404 W. 13th Street
Austin, Texas 78701
Email: jsnell@snellfirm.com